# DOERR v. ST. LOUIS BREWING ASSOCIATION, Appellant.

### Division One, July 2, 1903.

1. **Negligence: EXTRAORDINARY RISK: CONTRIBUTORY NEGLIGENCE.** No man has the moral or legal right to put his life or limb to the hazard of a second unless duty and the exigencies of his situation imperatively demand it, and the person who does so can not be said to be exercising ordinary prudence. Where the risk is manifest and the danger is imminent, to take that risk, unless there is imperative demand to do so, is contributory negligence.

2. ———: ———: **OILING MACHINE: DEMURRER TO EVIDENCE.** The head of a vertical shaft to an engine revolved elliptically in a pit below, which was about two feet deep, two feet wide and two feet long. On the side of the shaft was an oil cup for the reception of oil, which was supplied by a funnel made to fit in the oil cup and an oil can, and plaintiff alleges that while attempting to pour in oil the can "bumped up against the funnel," displacing it, and it fell into the pit, and that reaching into the pit to recover it, his arm was caught by the shaft, and mangled; that ordinarily the shaft revolved at the rate of eighteen or twenty revolutions per minute, that he could have recovered the funnel in a half second, but that, as his arm got right under the shaft it began to revolve at the rate

of a revolution per second, and he charges his injuries to defendant's negligence in furnishing an engine with a defective governor, by reason of which the speed of the shaft was instantaneously accelerated while his arm was in the pit. Plaintiff testified that he had frequently recovered the funnel in this way before, and that he had never before observed the eccentric movement of the shaft. By his own testimony it was clear that with a stick with a nail on the side near the end, or a crooked wire, material for which were at hand, he could have hooked out the funnel without risk of injury. *Held*, that the eccentric movement of the shaft was not the proximate cause of the injury, since it is manifest that the pit was a dangerous place for one to put his arm into while the shaft was moving, whether at the rate of twenty or sixty revolutions per minute, and that no one in the exercise of ordinary care would have done so.

Appeal from St. Louis County Circuit Court.—*Hon. John W. Booth,* Judge.

REVERSED.

*Kehr & Tittmann* for appellant.

(1) It appeared affirmatively and without conflict from plaintiff's own testimony and that of his witnesses, that he was guilty of negligence proximately contributing to his injury. Indeed, it appeared affirmatively from his own evidence, that his injury was entirely due to his own negligence. Therefore, the court should have sustained defendant's motion at the close of plaintiff's case and should have taken it from the jury. Buesching v. Gas Light Co., 73 Mo. 229; Schmidt v. Railroad, 149 Mo. 287; Lenix v. Railroad, 76 Mo. 91; McFarland v. Railroad, 125 Mo. 279; Hudson v. Railroad, 123 Mo. 445, 101 Mo. 13; Sindlinger v. City of Kansas, 126 Mo. 315; George v. Manufacturing Co., 159 Mo. 333. (2) In such case, even had plaintiff shown that defendant was negligent, which he did not, such negligence on the part of defendant is immaterial. Hudson v. Railroad, 123 Mo. 445; Hogan v. Railroad, 150 Mo. 55; Dowell v. Railroad, 61 Miss. 519; Spiva v. Osage Coal Co., 88 Mo. 68. (3) The act of the plaintiff in deliberately thrusting his arm into the pit under a shaft revolving at a speed of twenty revolutions per

minute, or one revolution every three seconds, through a small space, to recover with his hand and arm a funnel which had fallen into the bottom of the pit, under the revolving shaft, was reckless in the extreme and was an act of contributory negligence, on his part.   Wetjen v. Southern White Lead Co., 5 Mo. App. 597; George v. Manufacturing Co., 159 Mo. 339; Nugent v. Milling Co., 131 Mo. 246; Hudson v. Railroad, 123 Mo. 445; McCarty v. Rood Hotel Co., 144 Mo. 397; Palmer v. Harrison, 57 Mich. 182; Coffee v. Chappil, 2 N. Y. 648; Dowell v. Railroad, 61 Miss. 519; White v. Sharp, 27 Hun (34 N. Y.) 94; 97 N. Y. 640; Lindstrant v. Delta Lumber Co., 68 Mich. 261; Nolan v. Railroad 72 N. Y. S. 501; Demers v. Marshall, 178 Mass. 9; Day v. Achron, 50 Atl. 654.   (4)   The course pursued by him being obviously dangerous, he can not justify it or relieve himself of the consequences of his own negligence by showing a custom to do the act in such dangerous way, or that he and others had done it with safety before.   Such issue is no issue for a jury to consider.   Warden v. Railroad, 94 Ala. 285; George v. Railroad, 109 Ala. 256; Andrews v. Railroad, 99 Ala. 438; Hill v. Railroad, 100 Ala. 447; Hickey v. Railroad, 14 Allen 429; Railroad v. Jones, 95 U. S. 439; Railroad v. Robbins, 43 Kans. 145; Bryant v. Railroad, 56 Vt. 710.   (5)   Plaintiff's testimony that he could, within a half second's time, thrust his arm into a pit under a shaft which was revolving at a speed of one revolution every three seconds and within that half second's time, with perfect safety, withdraw from such pit a funnel which had fallen under the revolving shaft, and the testimony that the shaft had suddenly, and in the same period of time, of its own volition, jumped from a speed of twenty to sixty revolutions per minute, is contradictory of and in opposition to conceded and undisputed physical and mechanical facts, and is, therefore, to be disregarded by the court and the jury.   Payne v. Railroad, 136 Mo. 562; Nugent v. Kaufman Milling Co., 131 Mo. 241; Weltmer

v. Bishop, 171 Mo. 110. (6) Assuming that it was the plaintiff's duty to remove the funnel from the pit whilst the shaft was revolving and the machinery in motion, which it was not, he had two ways of doing it: one with a stick or wire, which was safe, and the other by thrusting his arm under the shaft, which was extremely dangerous. Having voluntarily chosen the latter course, he assumed the risk which its use entails, he was guilty of contributory. negligence, and can not recover for the injuries resulting from such choice. Moore v. Railroad, 146 Mo. 572; Morris v. Railroad, 47 U. S. C. C. A. 664; George v. Railroad, 109 Ala. 245; George v. Manufacturing Co., 159 Mo. 339; Cohn v. City of Kansas, 108 Mo. 394. (7) Plaintiff should have known and, in fact, as he himself testified, did actually know, of the risk which he was assuming when he thrust his arm under the revolving shaft. Therefore, he can not recover. Doyle v. Trust Co., 140 Mo. 19; Smith v. Coal Co., 75 Mo. App. 180; Nugent v. Milling Co., 131 Mo. 245; Fugler v. Boothe, 117 Mo. 475; Demers v. Marshall, 178 Mass. 9; McCarty v. Hotel Co., 144 Mo. 397. (8) There was no evidence to show that the appliances furnished plaintiff were, or that the governor was, defective. But even if they were, there was no causal connection between such defects and plaintiff's injury. Such defects were not the proximate cause of his injury. The proximate cause was that he thrust his arm under the revolving shaft. The law always refers the injury to the proximate, not the remote, cause. Negligence is not actionable unless it is the proximate cause of the injury complained of. Nolan v. Railroad, 72 N. Y. Supp. 501; Thompson v. Railroad, 140 Mo. 125; Stepp v. Railroad, 85 Mo. 229; Stanley v. Railroad, 114 Mo. 606; Henry v. Railroad, 76 Mo. 293; Shearman & Redfield on Negligence (5 Ed.), pp. 5, 8, 9, 25-26; Pollock on Torts (Webb's Ed.), secs. 26, 29 and 54.

*Cunningham & Maurer* for respondent.

(1) It was shown by the undisputed evidence of plaintiff and that of his witnesses, that his injury was caused by the negligence of the defendant, and the demurrer to the evidence was properly overruled. Buesching v. Gas Light Co., 73 Mo. 233; Flynn v. Railroad, 78 Mo. 195; Blanton v. Dold, 109 Mo. 75; Keenig v. Railroad, 19 Mo. App. 329; Puente v. Railroad, 70 S. W. 362. (2) For plaintiff to reach into the pit with his hand to take out the funnel through eighteen inches of space, assuming the power shaft making an elliptical revolution in three seconds, and the revolving motion being regular, was not an act of contributory negligence as a matter of law and was properly submitted to the jury. Buesching v. Gas Light Co., 73 Mo. 231; Petty v. Railroad, 88 Mo. 306; Blanton v. Dold, 109 Mo. 75; Young v. Railroad, 70 S. W. 293. (3) The manner in which plaintiff tried to take the funnel out of the pit was not obviously dangerous under the circumstances shown by the evidence. Whether plaintiff in attempting to recover the funnel according to the usual practice which appeared to be safe, was in the exercise of ordinary care and prudence, was properly a question for the jury. Covey v. Railroad, 86 Mo. 635; Guthridge v. Railroad, 105 Mo. 520; Mahaney v. Railroad, 108 Mo. 191; Moore v. Railroad, 146 Mo. 572; Warner v. Railroad, 62 Mo. App. 184; Parsons v. Packing Co., 70 S. W. 519. (4) Plaintiff assumed no risks that were not obvious and apparent, or that could not have been known to him by the exercise of ordinary care. The servant does not assume the risk of hidden defects and dangers arising therefrom which were unknown to him. Cummings v. Collins 61 Mo. 520; Covey v. Railroad, 86 Mo. 635; Parsons v. Railroad, 94 Mo. 286; Nichols v. Crystal Plate Glass Co., 126 Mo. 55; Benders v. Railroad, 137 Mo. 240; Keegan v. Kavanaugh, 62 Mo. 230; Mahaney v. Railroad, 108 Mo. 190; Schoeder v. Railroad, 108 Mo. 322. (5) Plaintiff did not know when he reached into the pit to recover the funnel

that he would be injured, and assumed no risks in so doing other than those arising from the usual and regular motion of the machinery at the time. His injury resulted from unknown danger caused by a hidden defect, that is, a defect hidden to plaintiff, but known to the master, and the defendant is, therefore, liable. Shortell v. St. Joseph, 104 Mo. 114; Mahaney v. Railroad, 108 Mo. 191; Blanton v. Dold, 109 Mo. 75; O'Melia v. Railroad, 115 Mo. 205; Herdler v. Buck's Stove & Range Co., 136 Mo. 3; Clowers v. Railroad, 21 Mo. App. 213; Covey v. Railroad, 27 Mo. App. 170; Burton v. Railroad, 32 Mo. App. 455. (6) From the evidence it appeared that the appliances with which the oiling had to be done were defective and unsafe; that the governor on the engine was defective, and that it was negligence on the defendant's part to have furnished such appliances and an engine with a governor in such a defective condition, which negligence proximately contributed to the cause of plaintiff's injury. Siela v. Railroad, 82 Mo. 430; Gibson v. Railroad, 46 Mo. 163; Whalen v. Centenary Church, 62 Mo. 326; Huhn v. Railroad, 92 Mo. 447; Parsons v. Railroad, 94 Mo. 286; Blanton v. Dold, 109 Mo. 75; Soeder v. Railroad, 100 Mo. 681; Henry v. Railroad, 109 Mo. 488; Nicholds v. Crystal Plate Glass Co., 126 Mo. 55; Rodney v. Railroad, 127 Mo. 676; Reber v. Tower, 11 Mo. App. 199; Dedrick v. Railroad, 21 Mo. App. 433; Bartley v. Trorlicht, 49 Mo. App. 214; Settle v. Railroad, 127 Mo. 339; Ritt v. True Tag Paint Co., 69 S. W. 324. (7) The court could not say as a matter of law that plaintiff's act alone was the proximate cause of his injury, and disregard the right of the jury to say whether he was, under all the circumstances, exercising ordinary care, and the injury caused by the sudden and highly increased motion of the machinery. Keown v. Railroad, 141 Mo. 86; Baird v. Railroad, 146 Mo. 265; Young v. Webb City, 150 Mo. 333; Pauck v. St. Louis Dressed Beef & Provision Co., 166 Mo. 639; Connolly v. St. Joseph Press Printing Co., 166 Mo.

447; Oates v. Railroad, 168 Mo. 535; Coontz v. Railroad, 121 Mo. 652. (8) The master and servant are not on equal footing. The servant may rely on the superior knowledge of the former in regard to the safety of appliances and machinery; also the master's directions were prompted by the exercise of reasonable care and caution. Larson v. Mining Co., 71 Mo. App. 512; Smith v. Coal Co., 75 Mo. App. 177; Huth v. Dohle, 76 Mo. App. 671; Doyle v. Railroad, 140 Mo. 1; Weldon v. Railroad, 67 S. W. 698; Puente v. Railroad, 70 S. W. 362.

BRACE, P. J.—This is an action for personal injuries instituted in the St. Louis City Circuit Court, taken by change of venue to the St. Louis County Circuit Court, where the plaintiff obtained judgment for $5,000, and the defendant appeals.

At the close of the plaintiff's evidence the defendant demurred thereto. The demurrer was overruled, and exception taken. The defendant offered no evidence, and the case was submitted to the jury on instructions. The question to be determined on this appeal is whether the evidence for the plaintiff made a case for the jury.

It appeared from that evidence that on 2nd day of June, 1899, the plaintiff was in the employ of the defendant as a fireman in one of its breweries in the city of St. Louis, in which was a machine operated by steam; to oil which, was among the duties of his position. That on that day he was engaged in oiling the crank shaft of the machine while the same was in motion. The motion of this shaft was vertical, the head revolving in a pit below. This crank pit was about two feet deep, two feet wide and two feet long, was directly under the crank shaft, and in it the head of the shaft moved up and down elliptically, approaching the bed plate at the bottom closely, and at no time leaving open a space of more than eighteen inches. On the shaft

was a stationary oil cup, directly above the crank pit, for the reception of oil for the machine. The appliances furnished the plaintiff for supplying this cup, were a small funnel made to fit in the oil cup, and an oil can or filler; the latter about six inches in diameter, and about six inches high; from the bottom of which projected a spout about five inches long. In order to use them, the oiler stood up in front of the machine, placed the funnel in the oil cup and poured the oil into the funnel from the filler, while the shaft was in motion. On the day aforesaid, the plaintiff was so engaged in supplying this cup with oil, when the can which he was holding in his hand "bumped up against the funnel," displacing the funnel, which fell into the crank pit; and thereupon he stooped down, reached into the crank pit with his right hand and arm, to recover the funnel, when his arm was caught by the shaft, above the wrist, and so mangled as to subsequently necessitate amputation. There was no person present when the accident occurred except the plaintiff. He testified that when he reached down into the pit for the funnel, the shaft was revolving at the rate of about eighteen or twenty revolutions a minute. That he could have recovered the funnel in half a second. That when his arm got right under the shaft it began to revolve at the rate of at least forty revolutions more a minute, and the theory of the plaintiff's petition is, that his injury was caused by defective appliances furnished him for oiling the machine, and a defect in the governor of defendant's engine, by reason of which the speed of the crank shaft was instantaneously accelerated as stated, while his arm was in the crank pit. The answer is a general denial and a plea of contributory negligence. The plaintiff testified further that he had been in the employ of the defendant as fireman continuously from the first of August, 1898, until the day of the accident, and that he commenced the duty of oiling the machinery in March, 1899, and continued in the discharge of that duty from

that time until the accident. That he oiled this crank shaft every half hour, that in doing so the funnel frequently fell into the shaft pit, and that he had always recovered it in the manner in which he attempted to do it in this instance, and that during all that time he had never observed the shaft move suddenly with accelerated speed before the moment in which he was injured. Other evidence for the plaintiff tended to prove that the maximum speed of the shaft was sixty revolutions a minute. That this oil can and funnel had been used in oiling the machine for some years prior to the accident. That it was necessary to pour the oil into the stationary cup on the shaft while it was in motion. That in doing so the funnel sometimes became displaced and fell into the pit. That it was the custom of the engineer with whom the plaintiff worked, in such instances, to extract it from the pit with his hand. That if the shaft was moving at the rate of sixty revolutions a minute, this would have to be done within one second, at thirty revolutions within two seconds, and at twenty revolutions within three seconds, to escape being caught. That the funnel could have been easily recovered, without risk of injury, by means of a stick with a nail driven through the end of it or by a piece of wire bent at the end in the shape of a hook, and that material for such appliances were on the premises easily accessible to the oiler. The evidence further tended to prove (although the plaintiff says he had never observed it) that the engine would at times without any apparent cause, suddenly commence moving at an increased rate of speed. The actual cause of this eccentric movement was frequently sought for but never found, but was attributed by the engineer to some defect in the governor.

(1) There was no evidence tending to prove that the oil can or funnel, the appliances furnished to plaintiff with which to oil the machine, were defective or unsafe. But it is contended that there was evidence tending to show that the plaintiff's injury was caused by the defect

in the engine, which caused the eccentric movement in the crank shaft testified to by the plaintiff.

If it be credible that the plaintiff could have reached down two feet to the bottom of this pit, grasped the funnel, and withdrawn it from the pit within a second of time, and while attempting to do so this crank *could in an instant,* have jumped from a speed of *one revolution in three seconds* to *one revolution in a second,* and that the plaintiff who was not an engineer or skilled mechanic *could* in his situation have detected and approximately estimated the alleged instantaneous increase of speed, it might be conceded that there was evidence tending to show that but for this eccentric movement the plaintiff might not have been injured. Counsel for defendant contend that the facts upon which this proposition is based are incredible, and hence there was no case for the jury. The proposition may be conceded, however, but it does not then follow that the case should have gone to the jury. In order that it should so go, it devolved upon the plaintiff to introduce evidence tending to prove more than this, i. e., that this eccentric movement was *the* proximate cause of his injury. Now, it is manifest beyond question, from the plaintiff's own evidence, that if he had kept his arm out of the shaft pit he could, with ordinary care, have gone on oiling this machine until doomsday, without suffering any injury from the eccentric movement of the engine. That pit was a dangerous place for a human arm to be in at any time when the shaft was in motion, whether moving at the rate of one revolution every one, two or three seconds. No man has the moral or legal right to put his life or limb to the hazard of a second, unless duty and the exigencies of his situation imperatively demand it. No man of ordinary prudence will do so. There was no such demand in this instance. The plaintiff was a man of mature years. He had been oiling this machine for four months. He knew the danger of thrusting his arm into this pit when the shaft was in

motion. The risk was manifest, the danger imminent. The discharge of no duty within the scope of his employment called for the assumption of such risk. The recovery of the funnel was a matter of little or no importance and could have been easily effected without incurring the risk. The fact that the plaintiff had before this accomplished the feat of recovering the funnel by hand when the shaft was in motion, or that others may have done so, affords no excuse for his action nor furnishes any reason for charging his employers with the consequences of his folly. Hence, conceding that the marvelous instantaneous acceleration of the speed of the shaft took place as testified to by the plaintiff, this eccentric movement could at most have been no more than a cause, contributing with his own recklessness and want of ordinary care, to his injury. The court erred in refusing to sustain the demurrer to the evidence, and for this error the judgment will be reversed. All concur, except *Robinson, J.,* absent.