JOHN P. MAUPIN, Respondent, v. F. P. MILLER, Appellant.

Kansas City Court of Appeals, June 3, 1912.

1. MASTER AND SERVANT: Grown Man: Warning: Experience: Machinery. A grown man, in possession of his mental faculties, though inexperienced, is not entitled to a warning from his employer that revolving knives, in clear view in a planing machine, will cut him if he puts his hands too near them.

2. ———: ———: Planing Mill: Revolving Knives: Contributory Negligence. Where a man fifty year of age, with but a few days' experience in working a planing machine, is engaged in planing lumber by running boards between two rollers whereby they are conveyed to revolving planing knives, on the stopping of one of the boards, goes around to the side of the machine and puts his hand in near the knives to push the board along, and is cut in the hand, he is guilty of contributory negligence which will bar a recovery for the injury.

Appeal from Boone Circuit Court.—*Hon. N. D. Thurmond*, Judge.

REVERSED.

*E. W. Hinton* for appellant.

(1) The plaintiff cannot complain of any failure to warn or instruct him as to the danger of injury from contact with the revolving cutter-head of the machine, because the danger was obvious and he was fully aware of it. Nugent v. Mill Co., 131 Mo. 241; Smith v. Box Co., 193 Mo. 715; Hirsch v. Bread Co., 150 Mo. App. 162; Stegman v. Gerber, 146 Mo. App. 104; Blair v. Heibel, 103 Mo. App. 621; Herbert v. Shoe Co., 90 Mo. App. 315. (2) The plaintiff was guilty of contributory negligence as a matter of law in deliberately putting his hand in the four or five inch space between the pressure bar and revolving cutter-head, where the slightest inadvertent movement would

bring it in contact with the knives. Smith v. Box Co., 193 Mo. 715; Doerr v. Brewing Co., 176 Mo. 556; George v. Mfg. Co., 159 Mo. 333; Pohlman v. Car Co., 123 Mo. App. 219; Stegman v. Gerber, 146 Mo. App. 104; Gardner v. Lumber Co., 101 N. W. 700.

*W. H. Rothwell* and *McBaine & Clark* for respondent.

(1) Plaintiff's injury was caused by the failure of defendant to instruct him how to operate a dangerous machine, plaintiff being an ignorant employee, all of which was well known to defendant. 1 Labatt on Master & Servant, ch. 16; Schlavick v. Shoe Co., 157 Mo. App. 83; Czernicke v. Ehrlick, 212 Mo. 386; Dowling v. Allen, 102 Mo. 213; Deeds v. Railroad, 157 Mo. App. 463; Lemser v. Mfg. Co., 70 Mo. App. 209; Werner v. Railroad, 137 Mo. App. 1; Winkstrom v. Mill Co. (Wash.), 93 Pac. 213; Lane v. Atlantic Works, 111 Mass. 136; Marble v. Wooster, 4 Gray (Mass.) 395; Lore v. Mfg. Co., 160 Mo. 608; Jewel v. Mfg. Co., 143 Mo. App. 200; Mather v. Rillston, 156 U. S. 391. Plaintiff was not guilty of contributory negligence. Trent v. Pub. Co., 141 Mo. App. 437; Bradford v. Railroad, 136 Mo. App. 705.

ELLISON, J.—Plaintiff's action is for damages on account of personal injury received while at work in planing some lumber for defendant in one of his machines. Defendant's demurrer to the evidence was refused by the trial court and plaintiff recovered judgment. .

Defendant was the owner of a planing mill wherein he operated a planing machine consisting of an iron table, on which were two feed rollers. Just beyond the rollers were revolving knives, but between was a guard which prevented chips from flying back to the operator, and on the other side of the knives there

was a space of more than four inches, between the knives and what was called the pressure bar. Standing in front of the machine, the workman or operator places the lumber to be planed in contact with the feed rollers, which carry it forward under the knives. When a plank has been carried through the rollers, it stops, and is pushed on through by one following; or, if no other, by a scrap of lumber fed to the rollers; or, it may be pulled on out from the rear by hand.

Plaintiff was a carpenter, about fifty years of age, but without much experience with a machine of this kind. He had been working in the mill as a janitor and helper for three weeks before his injury. He had worked a little on some of the other machines. Several days before he was hurt, the foreman directed him to plane some lumber, and showed him where to start it into the feed rollers. He did this work and observed the operation of the machine in the rollers carrying the plank to the revolving knives or cutter-head, which planed it as it went through. He testified:

"Q. You saw that was the way it worked when you first worked on it? A. Yes, sir.

"Q. That the two rollers would shove the plank against the knife, and the knife was whizzing around there very fast, wasn't it? A. Yes, sir.

"Q. And it was cutting the plank as the plank passed under it? A. Yes, sir."

Several days after this he was directed to run some window casings through the machine. He had fed in perhaps forty pieces, when the last one, after passing through the rollers, stopped. The foreman was in sight and within four to six feet of him, but without speaking to the foreman, he went around to the side of the machine and put his hand into the space between the revolving knives and the pressure bar, with a view of shoving or starting the planks along, and thus got cut with the knives. He said that he tried to reach over the knives.

The negligence charged against the defendant and relied upon for recovery, is that he failed to instruct and warn plaintiff against the danger in the machine. The duty to warn and instruct inexperienced persons against unknown dangers, is a fundamental rule of law. But the rule has no room for operation or application under the evidence in this case. Plaintiff knew the danger from the revolving knives by having worked with them and having observed them. He was a grown-up man and did not need to be told that revolving knives would cut him, any more than that fire would burn him. The thing he did was not such a thing as a warning of danger would have prevented. He would have done as he did, if he had been told that sticking his hand down near fast revolving knives was risky, for he says he already knew that, and still he did it. The only way we can make a case for plaintiff is by changing his age from fifty, back, say, to ten or twelve years. By that means we would have a boy who needs warning against pranks, experiments and recklessness, when employed around dangerous machinery. But a man, although inexperienced in certain work, is not to be excused for acts which he knows are dangerous. He testified that he knew of the knives, of how they worked and what they would do if he put his hand about them, but that he did not think. His words were: "Well, I never gave it a thought." That is to say, he was inexcusably reckless. [Smith v. Forrester-Nace Box Co., 193 Mo. 715; Nugent v. Mill Co., 131 Mo. 241; Hirsch v. Bread Co., 150 Mo. App. 162.]

This case should not be confused with one where unknown results or danger will follow certain acts; or where the effect of certain operation of machinery is unknown; or where it is not properly constructed; or where its complications are such that the uninstructed ought not to be expected to know of the danger.

It is said that plaintiff had only one eye. But it is not suggested that he could not see; nor that such defect in any way interfered with his mental activity. If it was a defect tending to make it more hazardous to put his hand into dangerous places, no one could know it better than he, and he must be held to be chargeable with greater care.

We can discover no legal principle which will permit a recovery and hence must reverse the judgment. All concur.