TONY FINUTA, Appellant, v. AMERICAN MANUFACTURING COMPANY, Respondent.

St. Louis Court of Appeals, May 6, 1913.

1. MASTER AND SERVANT: Injury to Servant: Liability of Master. A revolving cylinder of a jute separating machine, to which was attached knives, was completely covered by a guard, except a slit, about one inch wide and extending the length of the cylinder, into which the jute was fed. Plaintiff, an employee, was ordered to clean the machine, and in an endeavor to remove, with his hand and while the cylinder was revolving, jute which had fallen into the slit, his hand came in contact with the knives and was injured. *Held,* that whether the master, by the exercise of reasonable prudence, could have foreseen injury would happen to the servant by

reason of the cylinder being in motion while he was cleaning the machine, is a matter of doubt.

2. ———: ———: **Duty of Master.** The master is required to use only such reasonable precautions to prevent accidents to his employees as would have been adopted by prudent persons prior to the accident.

3. ———: ———: **Contributory Negligence.** A revolving cylinder of a jute separating machine, to which was attached knives, was completely covered by a guard, except a slit, about one inch wide and extending the length of the cylinder, into which the jute was fed. Plaintiff, an employee, was ordered to clean the machine, and in an endeavor to remove, with his hand and while the cylinder was revolving, jute which had fallen into the slit, his hand came in contact with the knives and was injured. *Held,* that the slightest care or observation by plaintiff would have disclosed to him that the cylinder was revolving and that it was dangerous for him to put his hand into the slit, and hence he was guilty of contributory negligence, barring a recovery for his injuries.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

AFFIRMED.

*John J. O'Connor* for appellant.

(1) Defendant was guilty of negligence toward plaintiff in requiring plaintiff to clean the carding machine while the cylinder thereof was in motion, without warning, when it knew, or by care could have known, that he was ignorant of the operation of the machine, and not likely to discover that the cylinder was in motion and therefore likely to sustain injury to his hands. And this negligence was largely enhanced by the action of defendant's foreman, who, in the presence of plaintiff, stopped the feeder, thus beguiling plaintiff into the belief that the whole machine was stopped. Radtke v. Basket & Box Co., 229 Mo. 14. (2) In a master and servant case where there is any substantial evidence in support of the allegation of negligence on the master's part which produced the

servant's injury, the cause should go to the jury. Hach v. Railroad, 208 Mo. 601; Bennett v. Lime Co., 146 Mo. App. 565; Panos v. Car & Foundry Co., 147 Mo. App. 574; Strobel v. Manufacturing Co., 148 Mo. App. 22; Knapp v. Hanley, 108 Mo. App. 360. (3) Plaintiff did not assume the risk of cleaning the machine while the cylinder thereof was in motion, for he did not know that it was in motion, but even if he did, he still might have done the cleaning without being guilty of such contributory negligence as would preclude his right to recover. Dakan v. Chase & Son M. Co., 197 Mo. 266; Blanton v. Dold, 109 Mo. 75; Settle v. Railroad, 127 Mo. 342; Pauck v. Beef Co., 159 Mo. 477; Wendler v. Peoples H. F. Co., 165 Mo. 527; Coal v. Railroad, 183 Mo. 94.

*Percy Werner* for respondent.

ALLEN, J.—This is an action for personal injuries received by plaintiff in the course of his employment as a servant of defendant. Plaintiff suffered a nonsuit below, and after unsuccessfully moving to set the same aside, has appealed to this court.

At the time plaintiff received his injuries, he was employed as a laborer in defendant's factory. He had been in defendant's employ about two months, and for some three weeks prior to receiving the injury in question, had been engaged in carrying jute, or like materials, to one of defendant's machines, into which the same was fed by a conveyer. The jute was thrown on the conveyer which carried it to a cylinder, where it was picked apart and the fiber separated by knives or "pins" attached thereto. The cylinder was completely covered by a "drum," as a guard, except for a slit about one inch wide, extending the length of the cylinder, into which the material was fed by the conveyer. On the day upon which plaintiff was injured, he was ordered by the foreman in charge of defend-

ant's factory to clean this machine, and while engaged in sweeping off the drum with a broom, some jute got into this lit, and in attempting to remove the jute with his left hand, the latter was caught by the knives or pins of the cylinder and the third and fourth fingers thereof were cut and mangled.

The petition alleges that plaintiff was ordered to clean the machine while the cylinder was in motion, and without warning that the latter was so in motion, and without plaintiff knowing the same; that plaintiff had no knowledge of the manner in which the machine was operated, and no means of knowing whether or not it was in motion, or of the danger of cleaning it while in motion; "that while he was cleaning said machine in obedience to said order, and for the purpose of removing the dirt from the slit in the side of the cover of said drum he placed his left hand therein," whereupon he was injured. And it is averred that his said injuries were caused by the negligence of defendant in requiring him to clean the machine while the cylinder thereof was in motion, without giving him warning that it was in motion and of the danger "of putting his hand in the slit."

The answer is a general denial, coupled with a plea of contributory negligence whereby it is averred that plaintiff's injuries were sustained by reason of his own negligence, directly contributing thereto, in inserting his fingers under the cover surrounding the revolving cylinder of the machine, "needlessly and unnecessarily, and while he knew, or, by the exercise of ordinary care, might have known that the cylinder was revolving and that his fingers were liable to come in contact with said cylinder or the projecting pins thereof."

The evidence discloses that the cylinder to which the knives or pins were attached, and which injured plaintiff, was driven by a belt running over a pulley on one side of the machine. On the other side of the

machine another belt ran the conveyer, which itself is spoken of as a belt, about three feet wide. The cylinder and the conveyer operated separately, and either might be running while the other was motionless. The cylinder could be stopped by throwing the belt off of the pulley which ran it, over to a loose pulley.

The shaft on which the cylinder revolved extended two feet or more over the sides of the frame of the machine, and while the cylinder was in motion this shaft could be seen revolving, as well as the pulleys. There was also evidence that the motion of the revolving cylinder shook the frame and the cover of the machine, whereby the motion of the cylinder could be readily detected, especially when one had his hand in contact with the cover thereof. There is some evidence that the whole floor shook from the operation of other machines; although from the evidence it appears that the machines in this room stood upon a brick flooring laid upon the ground. There was evidence that a man standing on the side of the machine upon which plaintiff was when injured in such a position as to enable him to put the fingers of his left hand in the slit in question, would be close enough to the revolving shaft to touch it with his other hand.

As appears from the petition, the negligence with which defendant is charged is in ordering plaintiff to clean the machine without stopping the cylinder, and the failure of defendant to warn plaintiff that the cylinder was in motion and of the danger of putting his hand in the slit.

A careful consideration of the record before us convinces us that the action of the trial court in forcing plaintiff to a nonsuit must be upheld. At the time that plaintiff was injured, he was not engaged in cleaning the cylinder, which was entirely covered by the guard except for the narrow slit mentioned, but was sweeping off the machine with a broom; and, according to the allegations in his petition and his own evi-

dence, he saw a piece of jute in this slit and stuck his fingers in there to get it out.

So far as concerns defendant's duty to warn plaintiff of the danger of coming in contact with the revolving cylinder, it appears that plaintiff had been so warned by the foreman sometime prior to this, if indeed any warning can be said to be necessary where the danger is so obvious and apparent. It would seem, then, that the charge of negligence on the part of the master must rest upon the failure to stop the cylinder of the machine while plaintiff was sweeping it off, so that plaintiff, while so doing, might not be injured in case he should thrust his fingers into the narrow slit; this being the only way, under such circumstances, in which it could be conceived that plaintiff might be injured by the revolving cylinder, as the latter was entirely covered except for this very narrow opening. Whether it can be said that defendant, by the exercise of reasonable prudence on its part, could have foreseen that any injury would happen to plaintiff, under the circumstances in evidence, by reason of the cylinder being in motion, is a matter of some doubt. "The requirement is only to use such reasonable precautions to prevent accidents as would have been adopted by prudent persons prior to the accident." [See Ward v. Building Co., 248 Mo. 348, 154 S. W. 483; Chandler v. Gas Co., 174 Mo. l. c. 329, 73 S. W. 502; 62 L. R. A. 474; 97 Am. Stat. Rep. 570; Fuchs v. City of St. Louis, 167 Mo. l. c. 646, 67 S. W. 618; 57 L. R. A. 136; Dean v. Railroad, 199 Mo. 408, 97 S. W. 910; Benton v. City of St. Louis, 248 Mo. 98, 154 S. W. 467.]

But conceding that the question of whether defendant was negligent in not stopping the cylinder was one for the jury, nevertheless we think it clear that plaintiff's injury is directly attributable to his own want of ordinary prudence in negligently placing his fingers in the slit, when the slightest care on his part would have prevented his injuries. Plaintiff must

have known the danger attendant upon putting his hand into this opening, with the cylinder in motion; for he had seen material carried in there day after day by the conveyer, and caught by the knives or pins of the cylinder and cut and torn to pieces.

It was said in Nugent v. Milling Company, 131 Mo. 241, 33 S. W. 428: "It would be a thing of folly to say that defendant was negligent because he failed to tell the plaintiff, a young man twenty years of age, that the revolving cylinders or rollers unto which he had been feeding wheat and sweepings from the mill floor, for six months, in order that it might be pulverized to flour, would be dangerous to the hands if they came in contact with them. The danger of the machine he knew . . . he knew as well as anyone connected with the mill that if his hands came in contact with the revolving cylinders they would be crushed to pieces. . . . Whatever there was of danger or risk he could see and appreciate as well as anyone, and as it was known and obvious to him he was as legally responsible for his own protection as was the foreman in charge of the machine for his protection." [See, also, George v. Manufacturing Co., 159 Mo. 333, 59 S. W. 1097; Smith v. Box Co., 193 Mo. 715, 92 S. W. 394; Doerr v. Brewing Co., 176 Mo. l. c. 556, 75 S. W. 600; Nagle v. Gas Co., 169 Mo. App. 243, 152 S. W. 415; Stegman v. Gerber, 146 Mo. App. 104, 123 S. W. 1041.]

That the cylinder, and the shaft and pulleys therewith connected were revolving, at the time that he undertook to remove the piece of jute, must have been as apparent to him as to defendant's foreman or anyone else. Certainly the slightest care or observation on his part would have disclosed that fact, taking into consideration the physical evidences of the motion of the cylinder to which we have referred above. Under such circumstances plaintiff's injury must be attributed to his own negligence; and though his misfortune is such as to excite sympathy in his behalf, defendant should

not be compelled to recompense him therefor. We think that the evidence showed plaintiff to be guilty of negligence, as a matter of law, and that it was proper to take the case from the jury.

For the reasons given above the judgment of the circuit court must be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.