# JOSEPH PIORKOWSKI, Respondent, v. A. LESCHEN & SONS ROPE CO., Appellant.

### St. Louis Court of Appeals, May 4, 1915.

1. **MASTER AND SERVANT: Injury to Servant: Failure to Warn Servant of Danger.** Where the danger is an extraordinary one, i. e., not ordinarily incident to the service, and the master has knowledge thereof, he is guilty of negligence if he fails to warn the servant of such danger; but where the danger is clearly obvious to any one and is one merely incident to the service, there is no duty to warn the servant thereof, except where he has not reached the years of discretion.

2. ———: ———: ———: **Sufficiency of Evidence.** In an action for injuries sustained by a servant by reason of putting his hand into a baling machine, where it was shown that plaintiff had worked about a baling machine previously and was familiar with it and that the danger of putting his hand into it while it was moving was obvious, *held* that plaintiff was not entitled to recover on the theory that he had not been warned of the danger of putting his hand into the machine, for the reason that such danger was obvious.

3. ———: ———: **Safe Place to Work: Unanticipated Injury.** In an action for injuries sustained by a servant by reason of putting his hand into a baling machine, *held* that the foreman's direction to plaintiff to operate the machine with the lid raised was not actionable negligence, in view of the fact that the lid was not designed to protect the servant from the danger of injury by putting his hands into the machine while it was moving, and in view of the further fact that defendant could not have reasonably anticipated that, to operate the machine with the lid raised, would occasion the injury, which could not have occurred otherwise than by unnecessary exposure to danger in a way defendant could not have guarded against.

4. ———: **Method of Doing Work: Duty of Master.** The master is not an insurer of the safety of the servant, and if the method adopted by the master, although perhaps not the safest, is nevertheless a reasonably safe one, liability cannot be cast upon him merely because of his having adopted such method.

5. ———: **Injury to Servant: Contributory Negligence: Emergency Acts.** In an action for injuries sustained by a servant by reason of putting his hand into a baling machine, while it was in motion, for the purpose of removing a board, *held* that, in view

of the fact that the machine moved slowly and could have been readily and quickly stopped, plaintiff's contention that he should not be held guilty of negligence, for the reason that he acted in an emergency when he put his hand into the moving machine, cannot be upheld.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

REVERSED AND REMANDED (*with directions*).

*Watts, Gentry & Lee* and *John F. Gillespie* for appellant.

(1) It is not negligence for a master to order a servant to do certain work or quit the employment of the master. Pulley v. Standard Oil Co., 136 Mo. App. 175. (2) (a) There is no evidence that plaintiff did not understand the danger. (b) The danger was open and obvious, hence instructions were unnecessary and would have been useless. Nugent v. Milling Co., 131 Mo. 241; Hirsch v. Freund Bros. Bread Co., 150 Mo. App. 162; Stegman v. Gerber, 146 Mo. App. 104; Bair v. Heibel, 103 Mo. App. 621, Pohlman v. American Car and Foundry Co., 125 Mo. App. 219; Finreta v. American Mfg. Co., 174 Mo. App. 87. (c) Even if he did not understand the danger, it was not through a failure to understand it that he was injured, because he did not intend to put his hand in the place in which it was injured.

*John C. Robertson* for respondent.

(1) The giving of the order by the authorized representative of the master amounts to a tacit assurance that the machine is safe, and that the order may be safely carried out in the manner directed. Morgan v. Mo. Pac. R. R. Co., 136 Mo. App. 337; Hoover v. Coal Co., 160 Mo. App. 326; Keegan v. Kavanaugh, 62 Mo. 232; McGowan v. Railroad, 61 Mo. 532; Wells

French Co. v. Gortoski, 50 Ill. App. 445; Wells French
Co. v. Kapaczki, 110 Ill. App. 477; Lab. on Master and
Servant, sec. 1374; Rolland v. Railroad, 20 Mo. App.
463; Sullivan v. Railroad, 107 Mo. 66; Tsoulufas v.
Stamping Co., 139 Mo. App. 141; Sampson v. Rail-
road, 156 Mo. App. 419; Schlavick v. Shoe Co., 157
Mo. App. 83. (2) Defendant's failure to instruct an
ignorant workman in the use of the machine held suf-
ficient to carry the case to the jury. Kaspeta v. Mfg.
Co., 73 N. H. 22; Bennett v. Lime Co., 146 Mo. App.
565; Greachen v. Mfg. Co., 209 Pa. St. 6; Bromley v.
Smith, 12 Mo. App. 594; Bremen v. Gordon, 118 N. Y.
489; Reynolds v. Railroad, 64 Vt. 66; Railroad v. Vali-
ron, 56 Ind. 511; Sullivan v. India Mfg. Co., 113 Mass.
396; Southern Improvement Co. v. Smith Admirers, 85
Va. 306; Broderick v. Andrews, 135 Mo. App. 57. (3)
Strictness of pleading is not required. Sharp v. Rail-
road, 139 Mo. App. 525; Dalton v. United Railways Co.,
134 Mo. App. 392; Weese v. Brown, 102 Mo. 299; Brad-
ley v. Sweiger, 61 Mo. App. 419; Bradley v. Coal Co.,
167 Mo. App. 177; Curtis v. McNair, 173 Mo. 270; Delo
v. Mining Co., 160 Mo. App. 38. (4) Where the mas-
ter or his foreman retains control and directs the move-
ments of a servant, the latter may place a reasonable
reliance upon the master's care for his safety, and obey
such orders, as given him, unless danger is apparent;
and he does not assume the risks of injury under such
circumstances. Hall v. Railroad, 165 Mo. App. 115;
Bradley v. Railroad, 138 Mo. 293. (5) Where the
servant while in the exercise of reasonable care and in
the performance of his duty of obedience, is injured in
consequence of a negligent and unusual method of
work ordered by the master, the latter is liable, not-
withstanding he has provided a reasonably safe place
and reasonably safe appliances. Smart v. Railroad,
164 Mo. App. 61; Kane v. Falk Co., 93 Mo. App. 209;
Cunningham v. Journal Co., 95 Mo. App. 47. (6) The
fact that at the time when the injury was received an

emergency existed, which demanded unusual prompt action, relieves the plaintiff of the charge of contributory negligence. Junction Min. Co. v. Ench, 111 Ill. App. 346; Woodson v. Prescott N. W. R. Co., 91 Ark. 398; Smith v. Spokane Falls & N. R. Co., 52 Washington 352; Kilpatrick v. Grand Trunk R. Co., 74 Va. 288; Davis v. Bonne Terre Min. Co., 20 S. Dak. 399; Self v. Adele Lumber Co., 5 Ga. App. 46; Colorado Midland R. Co. v. Brady, 45 Col. 203; Lawless v. Conn. River Co., 136 Mass. 1. (7) This was an action brought before a justice of the peace and formal pleadings were not required and under the allegation that the appellant was negligent, plaintiff should be permitted to show any act at all that would convict the appellant of negligence. Tockstein v. Bimmerle, 150 Mo. App. 491; Edwards v. Schreiber, 168 Mo. App. 197; Sepetowski v. Transit Co., 102 Mo. App. 110; Bromschwig v. M. K. & T. Ry. Co., 165 Mo. App. 350; Crotty v. Brown, 167 Mo. App. 1.

ALLEN, J.—This is an action for personal injuries sustained by plaintiff while in the employ of the defendant corporation as its servant, and alleged to have been occasioned by defendant's negligence. The suit was instituted before a justice of the peace where plaintiff had judgment. Upon defendant's appeal to the circuit court and a trial there *de novo*, before the court and a jury, plaintiff suffered a nonsuit at the close of his case. Thereafter on plaintiff's motion the court set aside the nonsuit and granted plaintiff a new trial. From the order granting a new trial defendant prosecutes this appeal.

Plaintiff received his injuries on October 3, 1912, while operating a machine in defendant's factory known as a "baler" and used for compressing loose, "scrap" wire into bundles or bales. When injured plaintiff was about thirty-eight years of age. He is of foreign birth and apparently uneducated, but had resided in this country for some years prior to his injury and had

evidently become moderately proficient in the use of the English language. For some months prior to the time of his injury he had been in defendant's employ, and for some considerable period one of his duties had been to feed loose wire into the baling machine; and he had operated the machine from time to time for short periods while the regular operator thereof was at lunch. On the day in question the defendant desired to repress certain bales of wire in order to make them smaller, and defendant's foreman directed plaintiff to operate the baling machine for such purpose. The machine was box-like in shape, and the outer part thereof consisted of heavy stationary sides and a lid or top which could be opened and closed. Within, the mechanism which did the baling consisted of two movable sides, which, together with a plate or casting in the rear, moved slowly back and forth as the machine operated. When the baler was open, i. e., in position to receive material to be compressed, these movable sides pressed against the outer stationary sides of the machine.

On the day of plaintiff's injury defendant's foreman put a board inside of each of the movable sides above mentioned, and a board in the rear also, in order that the bales to be repressed might be made smaller. It is said that the rear board did not fit well and broke while the foreman was in charge of the machine, and that he then directed plaintiff to operate it without such board, the other two boards being sufficient for the purpose aforesaid. Plaintiff operated the machine for some time and compressed a number of the bundles. Defendant's foreman, called as a witness by plaintiff, testified that when he returned to the machine he observed that plaintiff was removing the compressed bales without stopping the machine, and told him not to do this, but to stop the machine when a bale had been compressed in order to remove it and put in another. The testimony is that the motion of the movable parts of the machine was very slow,

and that it could be very quickly stopped at any point by the use of a hand lever situated at the right of the machine within reach of the operator. When injured plaintiff was standing in front of the machine, the lid thereof being raised; and it appears that the foreman was standing nearby, but with his back toward the machine. The baler was opening, after having compressed one of the bales, and plaintiff in some manner got two fingers of his left hand between the left movable side thereof and the stationary side of the outer part of the machine as the former was receding toward the latter, whereby the ends of these fingers were cut off. Plaintiff testified that the board which had been placed inside of the left movable side of the baler was "going to fall over," and that he undertook to take out this board when his fingers were caught. The evidence is, however, that his fingers were not caught between the board and the movable side of the baler, the latter being several inches in thickness, but between this movable side and the stationary side of the outer part of the machine; and it would appear to have been impossible for his fingers to have been caught between the board and the movable side while the baler was opening.

Plaintiff testified that when he was directed to go to work at the machine he told the foreman he did not want to do so, and asked the latter if he did not have "enough Englishmen to put on that machine;" that he did not "understand how to work on the machine." This the foreman denies. Plaintiff also testified that when he first started operating the machine he closed down the top thereof, this being the way in which the machine had been operated when baling loose wire, but that the foreman told him to operate it with the lid raised. The foreman denies that anything was said about the lid. It appears that the office of this lid was to hold down loose wire when being

compressed into bales, and that this was unnecessary
when bales were being repressed.

A careful review of the evidence adduced by plaintiff—defendant offering none, since the demurrer to
the evidence was sustained at the close of plaintiff's
case—has led us to the conclusion that the trial court
committed no error in forcing plaintiff to a nonsuit;
and we perceive no ground upon which the later action
of the court in granting a new trial may be lawfully
sustained. What theory the court pursued in so doing does not appear, but we are unable to discover any
actionable negligence on the part of the defendant.

Plaintiff's case appears to proceed primarily upon the theory that the defendant was guilty of negligence in failing to warn plaintiff of the dangers attendant upon the operation of this machine under the
circumstances. But this theory does not appear to be
tenable. Plaintiff had worked about this machine for
some time, had operated it theretofore, and was familiar with it. There was no occasion for him to put
his hand into the machine while it was moving, and
the danger of so doing was obvious and easy of comprehension. The machine, according to plaintiff's evidence, could be stopped almost instantly at any point.
Its movements were very slow and it could be readily
and quickly controlled by the operation of the lever
within plaintiff's reach. Defendant cannot be held
liable for failure to warn plaintiff under the circumstances attending plaintiff's injury. Where the danger
is an extraordinary one, i. e., not ordinarily incident
to the service, and the master has knowledge thereof,
he is guilty of negligence if he fails to warn the servant of such danger; but where the danger is clearly
obvious to any one and is one merely incident to the
service, there is no duty to warn the servant thereof
except where the latter has not reached the years of
discretion. [Braden v. Railroad, 174 Mo. App. 587,

161 S. W. 279; Maupin v. Miller, 164 Mo. App. 149, 148 S. W. 141.]

Furthermore, it appears that plaintiff did receive warning of the danger of putting his hands into the machine while in motion, for the foreman testified, and it is uncontradicted, that he found plaintiff lifting out the bales as the machine opened, without stopping its operation, and told him not to do this. This was a warning of the danger of putting his hands into the machine while the parts thereof were in motion, if any warning could possibly be needed of a danger so obvious and easily comprehended.

Nor does it appear that the act of the foreman in directing plaintiff to operate the machine with the lid raised, if true, can constitute actionable negligence on the part of the defendant. This lid was not designed to protect the operator from the danger of being injured by putting his hands into the machine when in operation; but its function was that above stated. The defendant could not reasonably have anticipated that to operate the machine with the lid raised would occasion any injury to plaintiff who could not have been injured otherwise than by unnecessarily exposing himself to danger in a way which defendant could not have guarded against. The master is not an insurer of the safety of the servant. And if the method which the master adopts, though perhaps not the safest, is nevertheless a reasonably safe one, liability cannot be cast upon him merely because of having adopted such method. [See Erwin v. Telephone Co., 173 Mo. App. l. c. 541, and cases cited, 158 S. W. 913.]

Plaintiff's testimony to the effect that he objected to operating the machine does not indicate that this was because of any danger to be feared therefrom; and it is altogether clear that he understood how to operate the machine. He was not injured by any act in the performance of the duties to be performed by him while operating the machine, but by a negligent

act on his part unnecessary to and apart from the ordinary operation thereof.

It is urged that plaintiff's testimony shows that he acted in an emergency when he put his hand into the machine to remove the board; and for this reason should not be held guilty of negligence. But it does not appear that any emergency existed such as to justify him in putting his hand into the machine while its parts were in motion, since according to all of the evidence it could be stopped almost instantly, no matter what was the position of its moving parts. He says that he thought that something would break unless he removed the board. His testimony does not explain how this could have happened, and the foreman says that the board could not have become misplaced so as to cause any damage. But however this may be, we know of no ground upon which the defendant may be chargeable with any breach of duty toward plaintiff resulting in the latter's injury, and are compelled to hold that plaintiff failed to make out a prima-facie case.

The order of the circuit court granting a new trial will therefore be reversed and the cause remanded with directions to reinstate plaintiff's motion for a new trial, overrule it and enter judgment for the defendant. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.