RUFUS PETTY, Respondent, v. HUGO BOEVING and ALBERT BOEVING, Co-Partners, Doing Business under the Firm Name and Style of COTTON BELT LUMBER COMPANY, Appellants.

In the Springfield Court of Appeals, July 2, 1924.

1. **APPEAL AND ERROR:** Admission of Testimony not Reversible Error. In servant's action for injuries in removing stick from boll extractor, admission of testimony of plaintiff, an experienced ginner, that he believed he could remove stick without injury, even if improper as a conclusion, was not reversible error.

2. **MASTER AND SERVANT:** Negligence of Servant Contributing to Injuries Bars Recovery. Servant could not recover for injuries, because of defective condition of cotton boll extractor from which he attempted to remove a stick while the machine was in operation,

if his act in making such attempt was negligent and contributed to his injury.

3. ———: Negligence of Servant in Choosing Hazardous Method. Where there is a safe and an unsafe way to do a given thing, a servant will not be held guilty of negligence as a matter of law in choosing the dangerous and hazardous method if it cannot be said that the act was so glaringly dangerous or hazardous that no reasonably prudent man would have undertaken it.

4. ———: Negligence of Servant Held Question for Jury. Where a servant, who was an experienced cotton ginner, operating a boll extracting machine, reached his hand through an opening in the front end of the machine to pull out a stick which he could see, and which did not bring his hand closer than twelve inches to the saws, which he could see, and his hand would not have come in contract with the saws, had it not been that the stick which he was removing was stuck on the cylinder which revolved and knocked his hand over against the saws, the question of his negligence in so acting was a question of fact for the jury, though there was testimony that he had instructions not to attempt to repair the machine while it was running, and the means were at hand to stop the machine; the stick being lodged in a defective screen, which the master had promised to repair.

Appeal from the Circuit Court of Butler County.—*Hon. Almon Ing,* Judge.

AFFIRMED.

*Sheppard & Sheppard* for appellant.

(1)   The court erred in permitting respondent, over the objection of appellants, to testify that at the time he believed that he could remove the stick, using care, without injury. This was a mere conclusion of the witness and in view of the facts to which he had already testified could not have any probative force.   (2)   The court erred in refusing to give to the jury the demurrers requested by appellant at the close of respondent's evidence and at the close of all the evidence.   (a)   Respondent knowingly chose the dangerous way of removing the stick while the machinery was in motion when he could

have done it with perfect safety by stopping the machine as he had been instructed to do. Troutman v. East St. Louis Cotton Oil Co., 224 S. W. 1014; Hill v. Cotton Oil Co., 202 Mo. App. 478, 214 S. W. 419; Doerr v. Brewing Assn., 176 Mo. 547, 556; Smith v. Forrester-Nace Box Co., 193 Mo. 715; Rogers v. Tegarden, 185 Mo. App. 99. (b) Even though there had been no safe course to follow in removing the stick, respondent was guilty of such negligence as barred his recovery. Finuta v. Mfg. Co., 174 Mo. App. 87, 93, and cases cited; Maupin v. Miller, 164 Mo. App. 149; Piorkowski v. Rope Co., 190 Mo. App. 597; Stegman v. Gerber, 146 Mo. App. 104; Nugent v. Milling Co., 131 Mo. 241. (c) The facts in this case show that the hole in the screen was not the proximate cause of respondent's injury, but merely furnished the occasion upon which respondent's own negligence injured him.

*W. A. Welker* and *Jerry Mulloy* for respondent.

(1) There was no error in permitting appellant, an expert gin stand operator, to testify that he believed he could, using care, remove the stick in safety. Edwards v. Morehouse Mfg. Co., 221 S. W. 747; Turner v. Timber Co., 188 Mo. App. 493; Eyerman v. Sheehan, 52 Mo. 223. (2) Even though respondent knew of the danger and that unless careful he might be injured, yet continuing to work after a promise to repair the defect by the foreman is not contributory negligence, unless the danger was so threatening and obvious that no reasonable person would do so. Edwards v. Mfg. Co., supra; Van Edwards v. Paving Co., 92 Mo. App. 221; Lee v. Railroad Co., 112 Mo. App. 372; Hammon v. Central Coal Co., 156 Mo. 232; Cole v. St. Louis Transit Co., 183 Mo. 81; Cole v. Jones, 159 Mo. App. 472; Bunkard v. Rope Co., 217 Mo. 481; George v. Railroad Co., 225 Mo. 364. (3) Even though respondent could have stopped the machine and removed the stick in perfect

safety, he is not convicted of contributory negligence merely because he adopted a more dangerous method. Edwards v. Mfg. Co., supra; Wagner v. Gilsonite Const. Co., 220 S. W. l. c. 897; Wolff v. Scullin Steel Co., 217 S. W. 571; Willadsen v. Creamery Co., 214 S. W. 258; Hutchinson v. Safety Gate Co., 247 Mo. l. c. 116; Turner v. Timber Co., 188 Mo. App. l. c. 494; Daniels v. Goeke, 191 Mo. App. l. c. 12; Hughes v. Construction Co., 176 S. W. 534. (4) Whether respondent, by grasping the protruding end of the stick with his right hand in an attempt to remove it from the hole in the screen, was guilty of contributory negligence, was eminently a question for the jury. Edwards v. Mfg. Co., supra; Hughes v. Construction Co., supra; Wagner v. Construction Co., supra; Brown v. Planing Mills Co., 217 S. W. l. c. 334; Willadsen v. Creamery Co., supra; Hill v. Cotton Oil Co., 214 S. W. 422.

FARRINGTON, J.—Respondent brought this suit to recover damages for personal injuries sustained by him while working as a cotton-ginner in appellants' gin near Poplar Bluff, Missouri. While attempting to pull a stick out of a boll extractor, an instrument placed on top of the gin stand for the purpose of separating the cotton from the bolls, he lost four fingers off his right hand.

Upon a trial before a jury in the Circuit Court of Butler County, Missouri, respondent recovered judgment for $5000 from which, after unsuccessful motions for a new trial and in arrest of judgment, appellants brought the case here on appeal.

The petition charged two acts of negligence, and the only one to be considered on this appeal is that in a wire netting, or drum, a hole of about four inches was worn in the north end of the drum which permitted cotton and sticks to become lodged and interfere with the operation of the machine, and on the occasion that plaintiff was injured a stick about one inch in thickness and six inches in length lodged in this hole, and that as plain-

tiff took hold of the stick to remove it, it was knocked against the saws which were running in the extractor and injured his hand. Plaintiff further alleged that he notified the defendants of the defective condition of the wire netting or cylinder and defendants promised to render the machine fit and safe and directed him to continue the operation thereof.

There are but two points raised on this appeal. The first goes to the introduction of testimony which it is alleged was a statement merely of a conclusion; and the other and main contention made is that under the evidence in the case the plaintiff was guilty of contributory negligence in law, and that the demurrer to the evidence offered by the defendants should have been sustained. No authorities are cited by appellants under the question of the evidence. We have, however, examined the testimony as set out in the abstract, and although it might be held that the question was improper, we do not feel that it amounts to reversible error. To support the ruling of the trial court in permitting the respondent to testify that he believed at the time he could remove the stick without injury to himself, respondent called attention to the fact that he was an experienced ginner, and cites the cases of Edwards v. Morehouse Stave & Mfg. Co., 221 S. W. l. c. 747; Turner v. Timber Co., 188 Mo. App. l. c. 493.

The plaintiff testified that he was injured at the north end of the north machine in the gin house, there being three of these boll extractors in the gin house at that time, one of which was not being used. The gin stands directly under this boll extractor, the front and back legs of the boll extractor resting on top of the gin stand. The entire north end of the boll extractor is composed of metal. Near the center of the north end of the machine is an opening which, according to respondent's testimony, is somewhat triangular in shape and about eight or nine inches wide and about thirteen inches long. It was through this opening the plaintiff reached his hand at the time he lost his fingers. Respondent testified that there was nothing across the opening on the outside but

possibly a belt which went over the pulleys which operated the machine. A photograph was exhibited by appellants which was practically admitted as representing the machinery and where the hole and belts were, and it showed that a belt did run along the whole space of this opening near the bottom of it. The hole was left there by the manufacturers of the machine for the purpose of taking out and putting in what are known as vibrator boards, which are placed directly behind the saws and under the brush pulley, which vibrators are for the purpose of separating the hulls from the saws. The hole in the north end of the screen or wire drum, in which the stick hung that plaintiff attempted to remove, was something like twelve inches from the revolving saws that injured the plaintiff.

The evidence shows that two days before the injury the respondent discovered the hole in the screen and called the attention of one of the owners to it, who promised to fit it. On the night the respondent was working in the capacity of a ginner he heard a noise inside this boll extractor. Walking around to the north end of the machine and looking through the opening he saw a stick protruding through the hole in the screen or drum; he then reached in the north end of the extractor and attempted to pull the stick out of the hole in the drum while the machine was running. As he did that, the stick which he had grasped struck something and threw his hand to the right for a distance of about twelve inches into the saws. The evidence of respondent shows that the motive power of this machine was electricity, which was turned off and on by means of a switch located some twenty or thirty feet away. It is shown that he could have stopped the machine to remove this stick by turning off the switch or by throwing the belt. The appellants testified that the instructions given respondent were not to repair or attempt to repair the machine while it was running. This was not denied or affirmed by the respondent.

The evidence of defendants tended to show that a stick such as plaintiff described in the boll extractor would have stopped the machine from operation. The plaintiff's testimony, however, was to the effect that the stick was in the hole in the screen and the machine did not stop running when he undertook to take it out.

The question here is, did the plaintiff, in reaching through the hole left in the iron frame-work in the north end of the boll extractor which, as he says, was an opening some eight or nine inches wide and something like one foot or thirteen inches long, across the lower part of which ran a belt, for the purpose of removing a stick which was hung in the metal or wire drum, the place where the stick was lodged being some twelve inches away from the saws upon which he was injured, act as an ordinarily prudent person would have acted under those conditions?

The law is well settled that even though the defendants may have been negligent in leaving this opening, a plaintiff cannot recover because of such negligence if his act was a negligent act that contributed to his injury, and for the purpose of determining this demurrer, which to have sustained would have charged him with negligence requires that the court say that the act which he did under the circumstances and surroundings was so glaringly and obviously dangerous that no reasonably prudent man would have undertaken it. Appellants cite us to the following cases which hold that where one knowingly chooses a dangerous way when there is a perfectly safe way of doing an act, that he is guilty of contributory negligence in law. [Troutman v. East St. Louis Cotton Oil Co., 224 S. W. 1014; Hill v. Cotton Oil Co., 202 Mo. App. 478, 214 S. W. 419; Doerr v. Brewing Ass'n, 176 Mo. 547, 75 S. W. 600; Smith v. Forrester-Nace Box Co., 193 Mo. 715, 92 S. W. 394; Rogers v. Tegarden Packing Co., 185 Mo. App. 99, l. c. 109, 170 S. W. 675.]

The rule, as we now understand the law as declared by the Supreme Court where there is a safe and unsafe way to do a given thing, is that the servant will not be

held guilty of negligence as a matter of law in choosing the dangerous and hazardous method if it cannot be said that the act was so glaringly dangerous or hazardous that no reasonably prudent man would have undertaken it. [See Hutchinson v. Richmond Safety Gate Co , 247 Mo. 71, 152 S. W. 52; Wagner v. Gilsonite Const. Co., 220 S. W. l. c. 897; Wolf v. Scullin Steel Co., 217 S. W. 571, l. c. 573; Turner v. Timber Co., 188 Mo. App. l. c. 494, 174 S. W. 184.]

In this case plaintiff reached his hand through this opening in the front end of the machine to pull out the stick which he could see, and which all his testimony shows did not bring his hand any closer than twelve inches to the saws. It was an open space, with nothing therein to keep him from seeing where the saws were and where he was putting his hand, and under his testimony and the physical facts of the case as shown, his hand would not have come in contact with the saws had it not been that the stick which he was taking out of the screen was stuck on the cylinder that revolved therein and knocked it over into the saws. We are unwilling to say that to do this simple and isolated act of removing the stick was such an act that would require a holding that he was negligent in law. As has been many times said, each negligence case stands on its own bottom and ordinarily is a jury question, and cases cited by appellants, such as Finuta v. American Mfg. Co., 174 Mo. App. 87, 156 S. W. 718; Maupin v. Miller, 164 Mo. App. 149, 148 S. W. 141; Piorkowski v. Leschen & Sons Rope Co., 190 Mo. App. 597, 176 S. W. 258; Stegmann v. Gerber, 146 Mo. App. 104, 123 S. W. 1041; Nugent v. Kauffman Milling Co., 131 Mo. 241, 33 S. W. 428, are cases where the courts have held the acts were negligent in law. On the other hand, we have similar authorities by the Supreme Court and the Courts of Appeals, and which we think come nearer to the facts of this case, which hold that the question is one of fact for the jury. The cases to which we refer are: Edwards v. Morehouse Stave & Mfg. Co., 221 S. W. l. c. 747; Hughes v. Marshall Const. Co., 176

S. W. 534; Wagner v. Gilsonite Const. Co., 220 S. W.
l. c. 897; Brown v John M. Darr & Sons Planing Mill'
Co., 217 S. W. l. c. 334; Willadsen v. Blue Valley Cream-
ery Co., 214 S. W. l. c. 263; Hill v. East St. Louis Cotton
Oil Co., 214 S. W. l. c. 422.

Finding no reversible error in the trial of the case,
the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,*
concur.