[No. 6887.   Decided January 6, 1908.]

OSCAR WIKSTROM, *Respondent*, v. PRESTON MILL COMPANY,
*Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE—YOUTHFUL EMPLOYEE—DUTY
TO INSTRUCT OR WARN—OBVIOUS DANGERS—EVIDENCE—SUFFICIENCY.
In an action by a young and inexperienced employee, set to work
upon a cut-off saw in a shingle mill, without instructions or warn-
ing, a verdict for the plaintiff will not be disturbed on appeal on the
theory that the dangers were obvious, where it appears that some in-
struction is requisite to qualify one to operate a cut-off saw, and
that there are dangers from involuntary contact that instructions
and experience would warn against.

SAME—TRIAL—INSTRUCTIONS.   An instruction upon the duty · of
a master need not also cover contributory negligence and assumption
of risks where those subjects were fully covered in other instruc
tions.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered March 25, 1907, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
personal injuries sustained by an employee in a shingle mill.
Affirmed.

[1]Reported in 93 Pac. 213.

*Shank & Smith,* for appellant.

*Higgins, Hall & Halverstadt* (*Walter S. Fulton,* of counsel), for respondent.

RUDKIN, J.—On the 2d day of February, 1906, the plaintiff was injured while operating a cut-off saw in the defendant's shingle mill at Preston, in King county. This action was instituted to recover damages for the injuries thus received, and from a judgment in favor of the plaintiff the defendant has appealed.

The negligence charged in the complaint is that the respondent was young and inexperienced, and was unfamiliar with the operation of cut-off saws; that the appellant, well knowing these facts, negligently ordered the respondent to operate a cut-off saw, without instructing him as to the proper use of the saw, or warning him against the dangers incident thereto; that the shinglebolts supplied were too large for the saw; that the saw was dull, rusty, unguarded, etc. The answer consisted of a denial of the negligence charged and a plea of contributory negligence.

The shinglebolts in question were approximately four feet in length, and it was the duty of the respondent to cut them into blocks 16 inches in length, by means of the cut-off saw. In the progress of this work the respondent had cut two blocks off a bolt and was engaged in cutting the stub end off the third block, with his right hand on the stub, which was from six to nine inches in length, when the saw kicked back, and his hand in some manner came in contact therewith, causing the loss of the greater part of the hand, including the thumb and first two fingers. There was a conflict of testimony on all material facts in issue, and we must assume that the jury found that the respondent was inexperienced and was not instructed as to the proper use of the saw or warned against the dangers incident to such use.

The appellant meets the respondent on this broad ground and contends that the dangers incident to the use and opera-

tion of the cut-off saw were open and apparent to any person of common understanding, and that neither experience, instruction, or warning was necessary. This in a measure is true. Every person who has attained years of discretion knows that a saw will cut and mangle, and that if the operator voluntarily comes in contact therewith injury will of necessity result. But this is largely true of all circular saws, and yet, it is a matter of common knowledge that the dangers incident to their use and operation are manifold and great. The danger from voluntary contact with the saw is not the only danger to guard against. There is also the danger from involuntary contact brought about from improper use of the saw. We think it clearly appears, from all the testimony in this case, that some instruction at least is requisite to qualify one to operate even a cut-off saw, and that there are dangers from involuntary contact that experience and instruction will in a measure ward against. The trial judge and jury saw the respondent and heard his testimony. They were in a better position to judge of his capacity and the necessity for instruction and warning than we are, and we think their conclusion on the facts should not be disturbed.

Exception was taken to one of the instructions given by the court, because it left out of consideration the questions of contributory negligence and assumption of risk. The court could not well embody the entire law of the case in a single charge, and other instructions fully covered these questions. Taken as a whole the charge was eminently fair to both parties, and finding no error in the record the judgment is affirmed.

FULLERTON, CROW, and MOUNT, JJ., concur.