HERMAN F. STEGMANN, by His Next Friend, JOHN D. STEGMANN, Respondent, v. CHARLES GERBER et al., Appellant.

**St. Louis Court of Appeals, December 14, 1909.**

1. **MASTER AND SERVANT: Negligence: Injuries to Minor: Failure to Warn: Proximate Cause.** In an action by a minor for damages sustained by reason of having his fingers cut off in a sausage machine he was operating, he could not recover upon an assignment of negligence that defendant omitted to instruct him as to the dangers incident to the insertion of his fingers into the machine, where he had knowledge of that danger, defendant's omission to warn, under such circumstances, not being the proximate cause of his injury.

2. **NEGLIGENCE: Injuries to Minor: Contributory Negligence.** Though the law makes allowance for the thoughtlessness of youth, where it appears he is bright and intelligent and knows and understands the danger incident to his act, but nevertheless encounters it, his negligence should be declared as a matter of law under the same rule that obtains in respect to persons *sui juris.*

3. **MASTER AND SERVANT: Negligence: Injuries to Minor: Contributory Negligence.** In an action by a minor for damages sustained by reason of having his fingers cut off in a sausage machine he was operating, where plaintiff was an exceedingly bright, alert and active boy, fifteen years and nine months of age, had gone through the ordinary schools and had attended a university for two years, had worked at different positions, and was familiar with the danger incident to the insertion of his fingers into the hopper of the machine to push the meat down, he was guilty of contributory negligence as a matter of law in so inserting his fingers, and hence could not recover upon an assignment of negligence that the master directed him to so operate the machine, without warning him of the danger thereof.

4. **NEGLIGENCE: Pleading: Statutes: Competent Averment Necessary to Bring Case Within Statute.** While, in an action predicated upon a statute, it is not necessary that the petition refer to the statute in express terms, it is essential that it contain such competent averments as will bring the case within the purview of the provisions of such statute.

5. **MASTER AND SERVANT: Section 6434, Revised Statutes, Construed: "Fixed or Traversing Parts" Defined.** Section 6434, Revised Statutes 1899, provides that no minor or woman shall be required to clean any part of the mill, gearing, or machinery in any manufacturing establishment while the same is in motion, or to work between the fixed or traversing parts of any machine. Plaintiff, a minor, was injured while operating a sausage machine fixed to a table and alongside of which he worked. *Held*, that he was not "working between the fixed or traversing parts of a machine," as contemplated by the statute; the "traversing parts of a machine," as used therein, meaning the moving parts thereof.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

REVERSED.

*Daniel Dillon* and *Ewd. V. P. Schneiderhahn* for appellants.

(1) Defendants' instruction for non-suit at the close of the plaintiff's case, and at the close of the whole case, should have been given. No one can base a right of recovery on his own fault. As to proximate cause: (a) The youth of plaintiff can not supply the place of negligence on the part of the defendants. The negligent act alleged of defendants must be the proximate cause of the injury, that is, must have produced it in a natural and continuous sequence, unbroken by any new responsible cause; and the injury must have been the natural and probable result of such act. Frauenthal v. Gaslight Co., 67 Mo. App. 1; Stanley v. Railroad, 114 Mo. 606; Hicks v. Railroad, 46 Mo. App. 304; Reed v. Railroad, 50 Mo. App. 505; Nugent v. Milling Co., 131 Mo. 241. (b) From the undisputed facts it clearly and

conclusively appeared that Herman F. Stegmann was injured as the direct result of his own carelessness, in placing his fingers into the receiving funnel of the meat-grinding machine, and in placing his fingers in contact with the grooved conveyor mentioned in the petition. This was negligence on his part and it was this negligence that was the proximate and efficient cause of his injury. It was therefore the duty of the trial court to instruct the jury that, under the pleadings and the proof, the plaintiff could not recover. Frauenthal v. Laclede Gaslight Co., 67 Mo. App. 1; Shearman & Redfield on Negligence (5 Ed.), p. 112; Ridenhour v. Cable Co., 102 Mo. 270; Hicks v. Railroad, 46 Mo. App. 304; Buesching v. Gaslight Co., 73 Mo. 220; O'Donnell v. Patten, 117 Mo. 13; Powell v. Railroad, 76 Mo. 80; Dlauhi v. Railroad, 105 Mo. 655; Prewitt v. Eddy, 115 Mo. 304; Reichenbach v. Ellerbe, 115 Mo. 595; Weber v. Railroad, 100 Mo. 201; Railroad v. Adams, 105 Ind. l. c. 166. As to contributory negligence: (a) Contributory negligence can be predicated, as a matter of law, on the conduct of the minor. It became the duty of the trial court in this case to instruct the jury that, under the pleadings and the proof, the plaintiff could not recover. Frauenthal v. Gaslight Co., 67 Mo. App. 1; Burger v. Railroad, 112 Mo. 238; Spillane v. Railroad, 135 Mo. 414; McIntosh v. Railroad, 58 Mo. App. 281; Payne v. Railroad, 136 Mo. 562; Nagle v. Railroad, 88 Pa. St. 35; Moore v. Railroad, 99 Pa. St. 301; Ryan v. Railroad, 108 Wis. 122; Lofdahl v. Milwaukee, etc., 88 Wis. 421; Central, etc., v. Phillips, 91 Ga. 526; Tucker v. Railroad, 124 N. Y. 308; Central, etc., v. Golden, 93 Ga. 510; Ogley v. Miles, 139 N. Y. 458; Dietrich v. Railroad, 58 Md. 347; Dowling v. Allen, 88 Mo. 293; Sullivan v. Mfg. Co., 113 Mass. 396. (b) At fourteen years of age an infant is presumed to have sufficient capacity and understanding to be sensible of danger and to have the power to avoid it. And this presumption ought to stand, until it is overthrown by clear proof of the absence of such

discretion and intelligence as is usual with minors of fourteen years of age. A minor, to escape the charge of contributory negligence, certainly after that age, must show not merely non-age but want of capacity, want in intelligence and experience generally and in knowledge of the particular danger. Coleman v. Land & Lumber Co., 105 Mo. App. 272; McIntosh v. Railroad, 58 Mo. App. 281; and cases cited under division "a" as to contributory negligence.

*Rassieur, Schnurmacher & Rassieur* for respondent.

(1) The demurrer to the evidence was properly overruled. (a) Because the evidence for plaintiff showed that plaintiff was young and entirely inexperienced in the operation of the machine at which he was hurt, or any other machine; that defendants failed to give him, either by themselves or through their foreman, any instructions concerning the operation of the machine, except that if any meat clung to the sides of the funnel, to push it along with his hands; and that at the time when he was hurt he was following the instructions thus given him, which method of operation the defendants now say was careless and negligent. Lemsen v. Mfg. Co., 70 Mo. App. 219; Henderson v. Kansas City, 177 Mo. 477; Coleman v. Land & Lumber Co., 105 Mo. App. 254; Goins v. Railroad, 37 Mo. App. 221; Dowling v. Allen, 102 Mo. 213; Morgan v. C. Hager & Sons Hinge Mfg. Co., 120 Mo. App. 590. (b) Because plaintiff, being a minor, was allowed and directed by defendants to work between the hopper or funnel—a fixed part of the machine—and the spirally grooved roller or conveyor—the traversing part of the machine —while it was in motion by mechanical power; in violation of the laws of Missouri. Revised Statutes 1899, sec. 6434; Nairn v. National Biscuit Co., 120 Mo. App. 144; McGinnis v. Printing Co., 122 Mo. App. 227.

Stegmann v. Gerber.

NORTONI, J.—The plaintiff is a minor and sues by his next friend. The action is for damages accrued to plaintiff on account of personal injuries through the alleged negligence of the defendants. Plaintiff recovered and defendants appeal.

The material facts in the record disclose that plaintiff was in the employ of the defendants, engaged as a helper in their butcher shop. Plaintiff was learning the butcher's trade and received his injury while operating a sausage mill or meat grinder which was propelled by electricity in the defendants' shop. The negligence relied upon in the petition as grounds for recovery relate to the fact that the plaintiff was a minor and was set to work by defendants at the sausage grinder without instructions as to the dangers which inhere in the machine and further that he received his injury while following the instructions theretofore given him as to how it should be operated.

It appears that at the time of his injury plaintiff was a very bright, energetic boy, aged fifteen years and nine months. He had gone through the ordinary schooling and attended the St. Louis University for two years. About a year before his injury, plaintiff quit school and commenced working for a plumber. He followed this avocation for about two months, after which he obtained employment in a wholesale house in the city and was engaged in packing shirts in boxes. He appears to be exceedingly bright, alert and active, and of more than ordinary intelligence. Plaintiff's father, desiring to open a butcher shop in connection with his grocery store, requested defendants to take him into their place of business to the end that he might become somewhat familiar with the cutting of meats, etc. For about a week plaintiff stood around and watched others ply their calling in the shop. For this he received no compensation. Later, he was put to work delivering orders for a time. And still later, he was put to work by defendants about the shop. He aided and assisted in dif-

ferent ways to perform such duties pertaining to the butcher business as might be properly performed by a beginner. For such services he drew a salary of six dollars a week. Among other things, the defendants had in their shop what is commonly known as a sausage mill or meat grinder. This, as is well known, is a small tube-shaped machine in which are knives which operate to cut meat into fragments when it is forced through the machine by means of a revolving conveyor. The meat is placed in the machine through a funnel or hopper at one end thereof and by means of the revolving conveyor operating just beneath the botttom of the hopper or funnel, it is carried into the machine and ground into fragments. After the meat is thus ground, it passes out of the machine into a pan situated at the end thereof opposite the funnel or hopper. The particular machine involved here was a small and simple affair and identical in every respect with the common and usual sausage mill, which is well-known and understood. Attached to this machine was a flywheel of considerable proportions on which ran a belt conveying power for its operation, the motive power being electricity, which was turned on and off by means of a small switch.

The plaintiff testified that he had been engaged in operating this machine for three weeks before the day he was injured. He received his injury by pressing the meat down in the hopper of the machine and extending his fingers against or beneath the revolving conveyor thereof. In the operation, he lost three fingers from his left hand. Although the plaintiff may not have been instructed by defendants as to the dangers incident to inserting his fingers in the funnel or hopper while the machine was in operation, it is entirely clear that he fully knew and understood such dangers at the time and prior to receiving his injuries. Plaintiff testified that at the time he was set to work on the machine, three weeks prior to his injury, he had seen others operating the same in the shop and had no doubt whatever that

he could do it. He says they "told me to put the meat in the funnel, and if it kept sticking on the side I should work it along with my hand and press it down." At this time plaintiff had never operated the machine and although he had seen others do it, he claims to have had no knowledge concerning it. As stated before, the two allegations of negligence relied upon for recovery are to the effect that defendant set plaintiff, an inexperienced minor, to work with the machine without instructions as to the danger incident thereto, and secondly that they instructed him to press the meat down and work it along in the hopper with his fingers in the event it began to stick to the sides of the machine and that he received his injury while thus performing the work.

We believe the court erred in submitting the case to the jury for the reason first that the uncontroverted evidence shows plaintiff was entirely familiar with the dangers of the machine even though defendants had neglected to instruct him therein, and second, that if he was injured while following such instructions as he says were given, he was guilty of such negligence as precludes his recovery as a matter of law. Touching the manner of his injury, the plaintiff testified as follows:

"I had the meat ground once and I was grinding it the second time, and it got stuck the second time when I ground it and I had started to press it through, and it caught my fingers. I pressed it through with my hand. I had been told if it kept sticking to just shove it down, to press it down on the sides with my hand and I did that.

Q. You were given a certain amount of meat to grind up? A. Yes, sir.

Q. You filled this hopper with small chunks of meat? A. Yes, sir.

Q. They were cut up in small chunks before they are put in here? A. Yes, sir.

Q. And your plate is here (indicating) to catch the sausage meat? A. Yes, sir.

Q. On the day you got hurt that is what you were doing? A. Yes, sir.

Q. You let your fingers down low enough to be caught by this roller at the bottom? A. Yes, sir.

Q. And that, of course, mangled your hand just the same as it mangled the meat? A. Yes, sir.

Q. How long had you been using that grinder in the way I have stated there before you got hurt? A. About three weeks, I guess.

Q. During that three weeks about how many times, do you think, you had used that machine? A. Sometimes every day.

Q. Sometimes more than once a day, didn't you? A. Yes, sir.

Q. And you say the meat ceased to go down? A. Yes, sir.

Q. The machine kept running and the meat did not go down? A. Yes, sir.

Q. And yet it was half full? A. Yes, sir.

Q. About half full? A. Yes, sir.

Q. How did you get your fingers down under the meat? A. When I pressed it down.

Q. The roller is under the meat? A. Yes, sir.

Q. Did you pick the meat out with your fingers? A. No, sir; it was done by pressing the meat down.

Q. You say it was half full and would not go down any farther? A. Yes, sir.

Q. How did you get your fingers down on the roller? A. .I pressed it down and the meat went down.

Q. Did you finally succeed in pressing it so that it did go down? A. I don't know if it went down or not.

Q. Well, you were there, you were standing right there by it, were you not? A. Alongside of it, yes, sir.

Q. What I want to know is how it came about that you got your fingers down so far that the roller caught them? A. Pressing the meat down the way they showed me.

Q.   Then you must have shoved your fingers down under the meat to get them down to the rollers.  Is that true?  A.   Shoved them down with the meat.

Q.   You couldn't get your fingers cut if you kept your fingers on top of the meat and the hopper was full.  Can you explain to the jury how that is?  I want to understand this.  Can you explain to the jury if that was half full (indicating) of meat how you got  your fingers down so far they were cut by the roller?  A.   Pressing them down in this way (indicating).

Q.   *You mean you slipped your fingers down alongside of the meat?*  A.   *Yes, sir.*

Q.   *Instead of pressing it down from the top?*  A. *Yes, sir.*

Q.   *You of course had to get your fingers down until they came in contact with the roller before they were caught?*  A.   *Yes, sir.*

Q.   *And that you knew?*  A.   *Yes, sir."*

Touching the plaintiff's knowledge of the machine and the dangers incident to inserting his fingers in the funnel thereof while it was in operation, besides saying that at the time he was injured the machine was operating very fast, plaintiff testified that he had taken the machine to pieces on several occasions; in fact it appears that he took it to pieces about every day and cleaned it.   It is entirely clear that he was familiar with its construction and mode of operation.   He knew that if his fingers became involved with the conveyor or roller at the bottom of the hopper, they would be mangled identically as was the sausage meat which he pressed therein.   We quote the following questions and answers from his testimony:

"Q.   Before you got hurt with that machine, you were thoroughly familiar with the machine, were you not?  You knew all about it?  A.   Yes, sir.

Q.   You had taken that machine to pieces hadn't you?  A.   Yes, sir.

Q. You had taken out this part (indicating). This part comes out, doesn't it? A. Yes, sir.

Q. You can take that out now? You can take these screws out and pull that part out and clean it? A. Yes, sir.

Q. And put it back again? A. Yes, sir. I never put it back again.

Q. All you have to do is to shove it back. A. Yes, sir.

Q. And you put on that (indicating) end again? A. Yes, sir.

Q. You have taken out these knives here (indicating) and cleaned them, haven't you? A. Yes, sir.

Q. How often did you do that, every day? A. Very near every evening.

Q. It is very essential that the machine be kept clean and sweet so that the meat won't stay in there and become sour? A. Yes, sir.

Q. That is the reason you took them out so often and cleaned them? A. Yes, sir.

Q. You never left them over night without being cleaned? A. Took them out every night and left them lay like that (indicating)."

The plaintiff then testified that in operating the machine he had the free use of both hands and was unencumbered in every respect, that is to say, the machine was propelled by means of electricity and he was not required to turn a crank with one hand as is usual with a small sausage grinder, and that all he had to do was to keep the hopper full of meat and see that the meat passed through the machine. Thereafter, the following questions and answers appear:

"Q. You knew perfectly well if your fingers were down far enough to come in contact with the roller they would get hurt? A. I never gave it a thought.

Q. Well, if you had thought, you would know that wouldn't you? A. I suppose so; yes, sir.

146 App.—8

Q. *Now in fact you did know if your fingers got down far enough to get caught in the roller they would get hurt?* A. *Yes, sir.*

Q. *You did know that as a matter of fact, didn't you?* A. *Yes, sir.*

Q. *You had known that all the time you had worked at the machine? That was perfectly plain to see, wasn't it?* A. *Yes, sir.*

Q. When you were examined before, you were asked if you didn't know if you got your fingers down there they would get hurt, that is down to the roller, and your answer was, 'Yes, sir,' is that correct?

The Court: He has already stated that.

Judge Dillon: That is correct, isn't it? A. Yes, sir.

Q. What was it that hurt your fingers? A. Sir?

Q. What was it that crushed your fingers? A. Those rollers.

Q. You have stated that you knew that if you got your fingers down there that far they would get crushed?

The Court: Let us not repeat that.

Mr. Schnurmacher: He has already stated that.

The Court: You mean the rollers in the bottom of the hopper or in the barrel that forwards the meat into the knives? A. Yes, sir.

The Court: The rollers of the meat are under that hopper? A. Yes, sir."

Now, to consider first the allegation of negligence with respect to defendants' omission to instruct the plaintiff, an inexperienced minor, as to the dangers incident to inserting his fingers in the funnel of the machine. Of course, for the plaintiff to recover on this allegation, it must appear that such neglect of instructions operated proximately to induce his injury. It is obvious that if defendants were negligent, as testified by plaintiff in respect to this matter, that is to say, if defendants did fail to instruct him that his fingers might be-

come entangled with the roller or conveyor if he inserted them down in the hopper of the machine, such neglect in no respect operated proximately to the plaintiff's injury for the reason he had acquired full knowledge in respect to that matter before the injury occurred. This matter is important as a ground of liability against defendants only in the event plaintiff continued without such knowledge at the time of his injury. Now, he relates over and over again that he knew the dangers incident to the particular act. It appears that he was entirely familiar with the machine. He was a bright, alert and intelligent boy, aged fifteen years and nine months; he took the machine to pieces and cleaned it daily, was familiar with its construction and mode of operation. He says he knew that if he got his fingers too far down in the hopper they were liable to be crushed by the roller. He had operated the machine three weeks and when he commenced he had no doubt that he knew how to do it, as he had seen others operate it frequently before.

It is uncontroverted that plaintiff was entirely familiar with the danger which inhered in inserting his fingers in the hopper of the machine. In such circumstances the allegation of neglect with respect to defendants' failing to instruct him of the danger which he knew is unsupported by the proof as the inducing or proximate cause of his injury. It is certain that mere neglect of itself on the part of the defendant is not sufficient; it must further appear that the defendant's neglect operated proximately to the plaintiff's hurt. Although defendants failed to instruct him of the particular danger complained of in the first instance, the result could be no more than that plaintiff was therefore without knowledge of the danger. If plaintiff acquired full and complete knowlege in respect of that matter afterwards, and before his injury, then the information which defendants should have imparted was acquired by him from another source and the want of knowledge

in that behalf is in no sense the proximate cause of his injury. In truth, in such circumstances defendants' neglect was not even the remote cause of the injury, for the plaintiff had full knowledge on the very question about which he complains defendant neglected to instruct him theretofore. The following cases are in point: Bair v. Heibel, 103 Mo. App. 621; Nugent v. Milling Co., 131 Mo. 241.

Now, to examine the allegation of negligence with respect to the manner in which defendants instructed plaintiff to operate the machine, plaintiff says, "they told me to put the meat in the funnel and if it kept sticking on the side, I should work it along with my hand and press it down." It is argued that plaintiff was injured while following such instructions and that it was a breach of duty with respect to an inexperienced minor to instruct him to insert his fingers in a place of danger.

It may be conceded, for the purpose of the case, that such instructions unaccompanied by a warning of danger was negligence on the part of the defendants. However this may be, the proof conclusively shows plaintiff to have been an exceedingly bright, alert and active boy, aged fifteen years and nine months. Both the plaintiff and his father testified that he had gone through the ordinary schooling and attended two years at the St. Louis University and quit school about a year before his injury. He had worked for a plumber two months and by his own efforts procured a position in a wholesale house in whose employ he had continued for a considerable period of time. He testified positively that he knew and was familiar with the danger incident to the operation of the machine and to inserting his fingers in the hopper. It is true the law makes allowances for the thoughtlessness of youth. However all of the recent cases in this State go to the effect that where it appears plaintiff is a bright and intelligent youth of the age, or even younger, than this one, and

both knowing and understanding the danger incident to his act, nevertheless encounters it, his negligence should be declared as a matter of law under the rule which obtains in respect to persons *sui juris*. Herdt v. Koenig, 137 Mo. App. 589, 119 S. W. 56.

This plaintiff was older, more enlightened, and equally as, if not more, intelligent than several of those who have been declared negligent by our Supreme Court, as will appear by reference to the opinion in the case last above cited. He knew full well the dangers incident to inserting his fingers in the hopper of this machine in such a manner as to come in contact with the roller beneath. Even children much younger than plaintiff fully understand and appreciate the danger incident to inserting the fingers down between the side of the hopper and the meat in a sausage mill, and he says that he received his injuries while performing this act. The questions and answers touching this matter are as follows:

"Q.  You mean you slipped your fingers down along side of the meat?  A.  Yes, sir.

"Q.  Instead of pressing it down from the top?  A. Yes, sir."

Indeed, the proximate cause of the plaintiff's injury was his act of slipping his fingers down between the side of the funnel of the sausage mill and the meat therein so as to come in contact with the rollers beneath. This act was grossly careless, even for a boy of his age, and operated proximately to occasion the injury complained of. Even though defendants instructed him to perform the service by working the meat along in the hopper, he fully knowing and understanding the danger, should not have encountered it.

It is argued here that the case falls within the provisions of section 6434, Revised Statutes 1899, Ann. St. 6434, and that plaintiff is entitled to recover notwithstanding his negligence. The statute is as follows::

"No minor or woman shall be required to clean any part of the mill, gearing or machinery in any such establishment in this State, while the same is in motion, or work between the fixed or traversing parts of any machine, while it is in motion by the action of steam, water or other mechanical power."

In respect of this question, it may be said first that the petition does not predicate on this statute nor is it referred to throughout the case either by instructions or otherwise. It may not be necessary to refer to the statute in terms, however such competent averment is essential as will bring the case within the purview of its provisions. [Bair v. Heibel, 103 Mo. App. 621.] Be this as it may, we do not believe the case falls within the statute, had it been invoked in the first instance. The statute interdicts requiring a minor to work between the fixed or traversing parts of any machine. It is clear that in the operation of the sausage mill the plaintiff was not working between the fixed or traversing parts of a machine, as contemplated by the statute. Indeed, he was standing at the side of the machine. The machine, it is true was affixed to a table; however, he was not required to work between the fixed portions of a machine but was working alongside of a machine which was affixed or fastened to a table. The traversing parts of a machine referred to in the statute, we understand to be the moving parts thereof, and it is clear plaintiff was not required to work between the moving parts of a machine within the contemplation of the lawmakers.

The judgment should be reversed. It is so ordered. All concur.