### HOTEL DIEU v. ARMENDAREZ.
### (No. 44–2706.)

(Commission of Appeals of Texas, Section A. April 2, 1919.)

1. MASTER AND SERVANT ☞153(1)—DUTY TO WARN MINOR SERVANT.

It is duty of master to warn and instruct minor servant as to dangers incident to service which are known to master, or could be known by reasonable care, and which the servant, because of immature judgment and want of experience, cannot reasonably be expected to know and appreciate.

2. MASTER AND SERVANT ☞154(1)—ASSUMPTION OF RISK—DUTY TO WARN AND INSTRUCT.

A minor servant, of capacity to appreciate the danger, or who has acquired the knowledge otherwise than by instruction from master, need

not be warned or instructed, but mere fact servant knows that employment is dangerous does not relieve master of further instruction as to extent of danger and means of avoiding it.

3. MASTER AND SERVANT ☞190(20) — INJURIES TO MINOR SERVANT — NONDELEGABLE DUTY TO INSTRUCT.

  Religious hospital corporation operating a laundry was liable for injury to minor servant resulting from failure of forewoman on request to instruct her as to way to stop mangle before extricating clothes clogging it, and thus to avoid danger; hospital's duty to instruct and warn being nondelegable.

4. MASTER AND SERVANT ☞288(11)—INJURY TO MINOR SERVANT—ASSUMPTION OF RISK—KNOWLEDGE OF DANGER.— QUESTION FOR JURY.

  In action against religious hospital corporation operating laundry for injuries to minor servant operating mangle, whether servant understood danger of her hand being drawn between rollers in effort to release entangled garments, so that she assumed the risk, *held* for the jury.

5. CHARITIES ☞45(2)—LIABILITY TO INJURED SERVANT.

  A religious corporation organized to operate a hospital is liable for injuries to a servant through its negligence, though money received by it was expended in maintaining institution for poor, to pay off a mortgage, and to support its mother institution in another state.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Romana Armendarez against the Hotel Dieu. Judgment for plaintiff was affirmed by the Court of Civil Appeals (167 S. W. 181), and defendant brings error. Affirmed on recommendation of the Commission of Appeals.

T. A. Falvey and Davis & Goggin, all of El Paso, for plaintiff in error.

Ralf Border and Lea M. Grady & Thomason, all of El Paso, for defendant in error.

STRONG, J. The defendant, Hotel Dieu, is a religious corporation organized for the purpose of maintaining and operating a hospital. The services of the hospital are given free to those who cannot afford to pay; and all sums received for services are expended in the maintenance of the establishment, the payment of a mortgage debt, and of an annual sum for the maintenance of the mother organization located in another state. Defendant owns and operates a laundry in connection with the hospital. The plaintiff, Romana Armendarez, was an employé of defendant and, while at work in the laundry, was injured by having her hand drawn in between the revolving rollers of the mangle while she was in the act of releasing from the machine some garments which had become entangled therein. This

action was brought to recover damages for the injuries thus received. The case has been twice tried. Upon the first trial, the court instructed a verdict for defendant upon the theory that it was, from the nature of its purposes and business, exempt from liability in the matters complained of. The judgment rendered thereon was reversed by the Court of Civil Appeals. 145 S. W. 1031. The second trial resulted in a verdict and judgment for plaintiff, which was affirmed by the Court of Civil Appeals. 167 S. W. 181.

The machine upon which plaintiff was injured consisted of a large cylinder or roller and three smaller ones in position above it, and the appliances by which they were connected with a steam engine by means of which the rollers were pressed together and caused to revolve. The person feeding the machine stood in front of a table or platform provided for that purpose and placed the garments under a guard railing which had been arranged to protect the hand of the feeder. The garments were gripped between the large and small revolving rollers and by action of the machine carried out on the opposite side. At the time of her injury, plaintiff was about 17 years of age and had been in the service of defendant about 7 weeks, during which time she fed the mangle 2 days in each week. She was without previous experience in the operation of machinery. Mrs. Sawyer was forewoman in charge of the laundry, and it was her duty to instruct and direct plaintiff and the other employés in their work. She testified:

"While I worked at Hotel Dieu, I was forewoman in charge of the laundry. I did not employ the servants; Sister Superior did. When they misbehaved, I discharged them. * * * I was in charge of Mexican servants; the Sisters of Charity put me in charge of them. * * * If the clothes got caught in the mangle and choked it or got caught or entangled in it in any way, the proper thing to do would be to stop the mangle and loosen it up; loosen the wheel that is on the end. * * * She (plaintiff) did not know how to stop the mangle. I stopped it most of the time. I never told her how to stop it."

The plaintiff testified:

"Before being hurt, no instructions, warning, or caution were given to me by any one in regard to the mangle. I had no knowledge or experience with machinery prior to the time I was injured. The way in which the injury occurred was this: A few towels were tangled in the mangle, and I told the lady, Mrs. Sawyer, that those towels were tangled in the mangle, and she told me to take them out. I went to take them out at the time my hand was caught. My hand was all burned when it was caught. It was mashed also."

It is not contended that plaintiff's injury was caused by reasons of any fault or de-

fect in the mangle. The sole ground of negligence relied upon to sustain the judgment is that defendant failed to instruct the plaintiff in the use of the mangle and to warn her of the dangers incident to its operation.

The main questions for determination are: Whether the risk was an obvious one which the plaintiff assumed; and, if not, whether the defendant was negligent in failing to warn and instruct plaintiff as to the dangers incident to her work.

[1, 2] It is the duty of the master to warn and instruct a minor servant as to the dangers incident to the service which are known to the master or which could be known by the exercise of reasonable care, and which the servant, because of immature judgment and want of experience, cannot reasonably be expected to know and appreciate. If the servant has sufficient capacity to appreciate the danger or has acquired the knowledge otherwise than by instruction from the master and is as fully aware of the dangers as if instructed and advised, the master is not negligent in failing to give such warning and instruction, and under such conditions the servant assumes the risk incident to the employment. The mere fact, however, that the servant knows that the employment is dangerous, is not sufficient to relieve the master of further instruction. The duty of the master is to inform the servant, not only that the work is dangerous, but also as to the extent of the danger and the means of avoiding it. If the master fails to perform this duty, it ordinarily is a question of fact for the jury to determine whether the servant has acquired sufficient knowledge of the dangers to exempt the master from liability in case of injury. Ry. Co. v. Brick, 83 Tex. 598, 20 S. W. 511; Royer v. Tinkler, 16 Pa. Super. Ct. 457. In the Brick Case, supra, it is said:

"It is insisted that on account of the plaintiff being 19 years old, and the evidence as to his intelligence and the duration of his employment in the particular service in which he was injured, the court should have treated the case as if he were sui juris. It has been held that when a minor attains the age of 14 years he is to be considered, as to the question of his assuming the risks of a dangerous employment, as a person of full age, until the contrary is made to appear by evidence. Nagle v. Ry., 88 Pa. 35 [32 Am. Rep. 413]. But we think the great weight of authority supports a different rule, and that if a servant be under the age of 21 years, and he has not been instructed by the master as to the dangers of his employment, it is a question for the jury whether he has acquired sufficient knowledge of the dangers to exempt the master from liability in case of injury. In the first place, it is the duty of the master to inform him not only that the work is dangerous, but also as to the extent of the danger and how to avoid it. If that be done he assumes the risk, and in case he is injured by reason of the risks so assumed he cannot recover. So, also, if he knows not only of the danger but also of its extent, and has the capacity to appreciate it, he then assumes the risk, and the master cannot be held liable. It is not sufficient that he knows the employment is dangerous, but he must also be aware of the extent of the danger, and have the discretion to understand the risk, before he can be held to have assumed it. These are questions of fact to be determined by the jury. Coombs v. Cordage Co., 102 Mass. 572 [3 Am. Rep. 506]; Donlin v. Allen, 74 Mo. 1 [41 Am. Rep. 298]; Hill v. Gust, 55 Ind. 45; Schwander v. Brigs, 33 Hun, 186."

[3, 4] The undisputed evidence shows that the proper method of releasing the entangled garments was to stop the mangle, and it was the duty of defendant to so instruct plaintiff. This was a nondelegable duty, and when defendant placed plaintiff under the control of Mrs. Sawyer, who had authority to instruct and direct her in the method and manner of doing her work, Mrs. Sawyer became the representative of defendant in its relations to plaintiff, and, as such representative, the duty of the master rested upon her to give plaintiff proper warning and instruction as to the duties and dangers of her position. Plaintiff applied to Mrs. Sawyer for instructions before undertaking to release the entangled garments from the mangle, and the jury was warranted in finding that she was guilty of negligence in failing to instruct plaintiff as to the proper method of releasing the garments. Her negligence in this respect was the negligence of defendant. Contracting Co. v. McCracken, 105 Tex. 407, 150 S. W. 1156; Oil Co. v. McLain, 27 Tex. Civ. App. 334, 66 S. W. 226. It does not appear from the testimony that plaintiff had, prior to her injury, been confronted with the duty of releasing entangled garments from the mangle, and the fact that she applied to Mrs. Sawyer for instruction indicates that she had not. She knew how to feed the mangle and knew if her hand came in contact with the revolving rollers that she would be injured, but it cannot be held, as a matter of law, that she understood and appreciated the danger of her hand being drawn between the rollers in an effort to release the entangled garments while the machine was in operation. Under the evidence, this was a question of fact which was properly left to the determination of the jury.

[5] It is insisted that, because defendant is a charitable corporation, it is not liable for an injury caused by negligence in the conduct of its business. We think this question was correctly disposed of by the Court of Civil Appeals on the first appeal of this case. See 145 S. W. 1030, and authorities there cited.

We are of opinion that the judgment

of the Court of Civil Appeals and that of the trial court should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes