## ASHBY et al. v. LUTTRELL.
### No. 2659.

Court of Civil Appeals of Texas. Eastland.

June 25, 1948.

Rehearing Denied July 28, 1948.

R. L. Thompson, of Stephenville, for appellants.

Ennis Favors, of Stephenville, for appellee Smith.

GRISSOM, Chief Justice.

J. D. Ashby and N. G. Wood operated a bakery in Stephenville and employed William David Luttrell to work there. The bakery was approved by the government as a school for veterans and Luttrell received pay from the United States Government for taking "on the job training" given by the operators of the bakery to said employee. When Luttrell went to the bakery seeking employment, he informed the manager that he had had experience in the navy as a baker. According to the undisputed evidence, the first day Luttrell worked Ashby showed him through the bakery and explained the operation of the machines generally. On the second day he showed him how to clean the "dough brake" machine. This was a large machine through which dough was run to press out the air and obtain the desired thickness. The distance between the rollers was regulated by a lever. The rollers operated in the same manner as an ordinary wringer on a washing machine. The rollers were each 35 inches in circumference and revolved about 100 times per minute. The top roller was protected by a metal guard. It was impossible to so protect the lower roller for the reasons that dough was put in between the rollers from a table in front of it and a guard would have prevented entry of the dough. The top of the table in front of the rollers was 3 feet from the floor, where a person stood while running the dough through the machine or cleaning the bottom roller to which dough frequently adhered. The table in front of the rollers was 2 feet and 8 inches in diameter. From the nearest edge of the table in front of the rollers to the place where the rollers came close together was a distance of 8 inches. This is the point where a person cleaning the bottom roller was supposed to hold the scraper with his hands flat on the table. Luttrell was shown by Ashby how to clean the roller. He cleaned it for the benefit of Luttrell by taking a scraper,

which was a piece of metal about 5 inches long and several inches wide with a wooden edge, and holding it flat on the table with both hands and with the metal edge pressed against the bottom roller. The undisputed evidence, and the testimony of the plaintiff taken as an entirety, show conclusively that Luttrell knew and appreciated the danger incident to cleaning the machine. He knew the manner in which the rollers operated and that if he got his hand between the rollers it would be crushed. He was grown and intelligent and had at least average experience and dealing with machinery generally. Plaintiff testified:

"A. I told them it was a dangerous machine. Everybody knew that that ever saw it.

"Q. You knew that before you ever got your hand in there, didn't you? A. Yes, sir.

 * ᐧ   *   *   *   *   *

"Q. You can see in the dough mixing machine, and see what would happen if you got your hand in it, can't you? A. Yes, sir.

"Q. And you could see in this dough brake machine and see what could happen if you got your hand in it too? A. Yes, sir, you would know the danger in it.

 *   *   *   *   *   *

"Q. If you opened the oven door and stuck your hand in there it would burn you, wouldn't it? A. Yes, sir.

"Q. This dough brake machine is as plain as the heat in that oven, isn't it? A. Yes, sir."

The proper method of cleaning the bottom roller, as demonstrated by Ashby for the benefit of Luttrell, was to hold the scraper flat on the desk with both hands. The edge of the desk was lower and about 8 inches from the place where the rollers came close together. So held, if the scraper hit a particularly hard piece of dough, the natural and inevitable effect would be to shove the operator's hands back and away from the rollers. Plaintiff testified:

"Q. If you had been as careful before you got hurt in cleaning the machine as you were afterwards you wouldn't have got hurt, would you? A. No, sir, I don't believe so, but I didn't know just exactly the procedure to go through to be careful and to clean the machine.

"Q. You knew how Mr. Ashby told you to hold the scraper, didn't you? A. He never told me. He picked it up and showed me by holding it.

"Q. He held it like Walker is holding it there, (in the picture) didn't he? A. Yes, sir, he possibly did, most of the time. When he got out there at the turn table I didn't pay any particular attention to what he was doing."

Plaintiff further testified that when he got his left hand caught between the rollers he was not holding the scraper like Walker was in the picture introduced. In other words, he was not holding the scraper as he had been instructed to do. He had his left hand off the table and up in the air. After Luttrell had been in the employ of the bakery for 9 days, had been shown how to clean the roller, and had successfully cleaned the dough brake machine twice, he was cleaning the bottom roller, with his left hand off the table and up in the air when the scraper struck a hard piece of dough on the roller and his left hand went up and forward and between the rollers and was crushed. Thereafter, Luttrell sued the owners of the bakery for damages alleged to have been caused by their negligence. The cause was submitted to a jury and upon its findings that defendants were negligent in permitting an inexperienced employee to clean the dough brake machine and in failing to warn plaintiff of the danger that might reasonably be encountered in cleaning that machine, judgment was rendered for the plaintiff, and defendants have appealed.

Defendants were eligible but nonsubscribers under the Workmen's Compensation Act. Nevertheless, plaintiff could not recover without proof of negligence of defendants which was a proximate cause of his injury. Art. 8306, Sec. 4; Hutton v. Burkett, Tex.Civ.App., 18 S.W.2d 740 (writ ref.); Cate v. Orfic Gasoline Prod. Co., Tex.Civ.App., 78 S.W.2d 635 (writ ref.); Railway Express Agency v. Bannis-

ter, Tex.Civ.App., 46 S.W.2d 372 (writ ref.); West Lumber Company v. Smith, Tex.Com.App., 292 S.W. 1103.

Appellants complain of the overruling of special exceptions to plaintiff's petition to the effect that although plaintiff alleged his inexperience and lack of knowledge as to the danger in working with the machine, he did not allege defendants had knowledge thereof or should have had. These exceptions should have been sustained. Walkowski v. Penokee & Gogebic Consolidated Mines, 115 Mich. 629, 73 N.W. 895. 41 L.R.A. 34, 145; Galveston, Harrisburg & San Antonio Ry. Co. v. W. A. Garrett, 73 Tex. 262, 265, 13 S.W. 62, 15 Am.St.Rep. 781; Missouri Pacific Railway Co. v. Watts, 64 Tex. 568, 571; 35 Am.Jur. 581. However, our conclusion on another point requires rendition of judgment for appellants, the cause having been fully developed and the evidence disclosing that appellee has no cause of action.

As stated, the judgment rests solely upon findings (1) that defendants were guilty of negligence in permitting an inexperienced employee to clean the dough brake machine; and (2) that defendants were negligent in failing to warn plaintiff of the dangers that might be encountered in cleaning said machine. Relative to the first finding, the court in Vernon Cotton Oil Company v. Jones, Tex.Civ.App., 137 S.W. 424, 428 (writ ref.), said:

"There is no rule of law that an inexperienced person may not be employed about dangerous machinery, and the simple fact that a machine is dangerous does not make the employer liable for an injury received upon such machine."

Plaintiff was over 21 years of age. He was 6 feet tall and weighed 175 pounds. There is nothing in the record to indicate that he did not possess at least average intelligence. The operation of the machine was simple, the rollers were large; plaintiff could not have worked around the machine as he did without observing them, and, according to his own testimony, he had actual knowledge of the danger of getting his hand caught between the rollers. The danger was patent and apparent. When he was hurt he was not cleaning the machine in the manner in which he had been instructed and in effect, admits that if he had, he would not have been hurt. The evidence clearly shows he was injured because he did not hold the scraper or keep his left hand in the position as he was instructed. The danger of the precise injury suffered by the plaintiff being open and apparent and realized by plaintiff, defendants were not guilty of negligence in failing to warn him. The danger was already known to him. A warning could have added nothing to the information he already possessed. Hanel v. Obrigewitsch, 39 N.D. 540, 168 N.W. 45; 3 A.L.R. 1029, 1035; 39 C.J. 499, 502.

In Oest v. Hendershot, 175 Mich. 140, 141 N.W. 557, it was held that an employee injured by having his hand cut in a sausage machine much larger than those in ordinary use and driven by a five horse power drive was not entitled to recover on the theory of noninstruction, where he had taken the machine apart and cleaned it and had been instructed to push the meat down into the hopper by his hands, keeping his thumbs under the rim of the hopper, and he conceded that he would not have been injured he followed this instruction. See also Neifert v. Metler, 165 Mich. 354, 130 N.W. 630, 632.

In Stamford Oil Mill Company v. Barnes, 103 Tex. 409, 128 S.W. 375, 378, 31 L.R.A., N.S., 1218, 1222, Ann.Cas. 1913A, 111; a 12 year old boy was injured by dangerous machinery in a cotton mill. The Supreme Court of Texas held that the mill company was not guilty of negligence in failing to warn the child of a danger already known to him. The court said:

" * * * the omission of the defendant in not instructing and protecting him does not constitute actionable negligence, since he had the knowledge which instruction would have given him, and knew how to avoid this particular danger."

In Mitchell v. Comanche Cotton Oil Company, 51 Tex.Civ.App. 506, 113 S.W. 158 (writ ref.), an employee was injured while operating a sewing machine in connection with machinery used for pressing cotton seed. His injury was caused by coming in contact with unguarded belts and pulleys.

The court held that the evidence did not show negligence in failing to warn the plaintiff and that the trial court did not err in giving a peremptory instruction for defendant. The court said that a master need not warn a servant, even though an infant, of dangers which the servant actually knows and appreciates. The following decisions are to the same effect: Galveston, H. & H. R. Co. v. Anderson, Tex.Civ.App., 187 S.W. 491, 493 (writ ref.); Stegmann v. Gerber, St. Louis Court of Appeals, 146 Mo.App. 104, 123 S.W. 1041; White v. San Antonio Water Works Co., 9 Tex.Civ.App., 29 S.W. 252, 253; Gulf, Colorado & Santa Fe Ry. Co. v. Bennett, 110 Tex. 262, 269, 219 S.W. 197.

We conclude the court erred in overruling defendants' motion for judgment notwithstanding the verdict.

The judgment is reversed and judgment rendered for defendants.

### On Motion for Rehearing

After carefully reviewing the entire record, we are of the opinion that we erred in holding that the trial court should have sustained appellants' motion for judgment notwithstanding the verdict. Such holding was based upon the idea that the evidence showed conclusively that the dangers incident to cleaning the machine were open and obvious to everyone, regardless of experience, and required no warning by appellants. The evidence is susceptible to the interpretation that Luttrell was not given any warning of the danger of having his hand crushed if he failed to hold the scraper with both hands flat on the table. It cannot be said that such danger was open and apparent to all. Appellee testified that Mr. Ashby showed him how to clean the roller one time; that he did not appear to be very careful; that he merely ran the scraper back and forth across the roller. There is evidence that in demonstrating how the roller should be cleaned, Mr. Ashby held the scraper "this way" or "that way." Of course, such testimony, although it may have been clear to the jury, is meaningless in a record. There is evidence from appellants to the effect that the accident could have happened only by reason of one of two things, (1) be-

cause Luttrell did not look where he was putting his hands, or (2) because Luttrell was not holding the scraper in a horizontal position with both hands flat on the table, but was holding it in a nearly perpendicular position with his right hand on the guard and his left hand holding the other end of the scraper higher, up in the air, and nearer the opening between the rollers.

It is readily conceivable that such an employee as Luttrell might not know that when the scraper struck a hard piece of dough on the roller while holding the scraper and his hands in such a position, that his left hand might be thrown between the rollers. This is quite a different thing from knowing and realizing merely that if he got his hand between the rollers is would be crushed. The same idea was expressed by Judge Strong in Hotel Dieu v. Armendarez, Tex.Com.App., 210 S.W. 518, 520, as follows:

"It does not appear from the testimony that plaintiff had, prior to her injury, been confronted with the duty of releasing entangled garments from the mangle, and the fact that she applied to Mrs. Sawyer for instruction indicates that she had not. She knew how to feed the mangle and knew if her hand came in contact with the revolving rollers that she would be injured, but it cannot be held, as a matter of law, that she understood and appreciated the danger of her hand being drawn between the rollers in an effort to release the entangled garments while the machine was in operation. Under the evidence, this was a question of fact which was properly left to the determination of the jury."

In City of Waco v. Dool, Tex.Civ.App., 254 S.W. 353, Dool v. City of Waco, Tex. Civ.App., 231 S.W. 176, an employee, who knew that it was dangerous to handle dynamite, returned to the spot where he had lighted a fuse on a stick of dynamite after it had failed to explode within the usual time and was injured by a delayed explosion caused by a slow burning fuse. There was evidence that Dool did not know that some fuses burned more slowly than others; that the defendant failed to warn him; that if he had been so warned, he would have waited longer before going back

to the ditch and would thereby have avoided the injury. The court held that the question whether defendant was negligent in failing to so warn said employee was for the determination of a jury and that the court erred in instructing a verdict for the defendant. See also Wikstrom v. Preston Mill Company, 48 Wash. 164, 93 P. 213.

Generally, it is a question for a jury to determine whether, under the circumstances of a particular case, it was incumbent upon the master to give the servant warning or instructions, not only regarding the dangers of the work, but also instructions as to how he could safely perform it and avoid injury. 39 C.J. 521.

"Comprehensively stated, the rulings of the cases are to the effect that if a person employs another to do work of a dangerous character or in a dangerous place, and the employee, because of youth, ignorance or inexperience, fails to appreciate the danger, it is a breach of duty and negligence on the part of the employer to expose him thereto, even with his consent, unless the employer first gives to him such instruction, caution, and warning as will enable him to comprehend the danger and to do his work safely with the exercise of proper care on his part." 35 Am.Jur. 576. See also Missouri Pacific Ry. Co. v. Watts, 64 Tex. 568; Galveston, H. & S. A. R. Co. v. Garrett, 73 Tex. 262, 13 S.W. 62; Chicago Anderson Pressed Brick Co. v. Reinneiger, 140 Ill. 334, 29 N.E. 1106, 33 Am.St.Rep. 249; Texas & N. O. R. Co. v. Gardner, 29 Tex. Civ.App. 90, 69 S.W. 217.

We conclude that it was a question for the jury whether appellants were guilty of negligence in failing to warn appellee of the danger of getting his hand crushed unless he held the scraper with both hands flat on the table.

We do not think the failure of the court to sustain special exceptions to appellee's pleadings because he did not specifically allege appellants had knowledge of his inexperience constitutes reversible error. Appellants' evidence shows they were not surprised at the testimony as to appellee's inexperience. There is no substantial difference in the testimony as to the information relative to the employee's ex-

perience furnished by Luttrell to Ashby at the time he was employed and started his training. We cannot reverse the judgment because of the failure to submit special issues requested by appellants. They did not comply with the rules. No "specific grounds therefor" were stated in appellants' motion for an instructed verdict, as required by Texas Rules of Civil Procedure, rule 268. Steed v. State, 143 Tex. 82, 183 S.W.2d 458. All of appellants' points have been considered and are overruled. Appellee's motion for rehearing is granted, our former judgment is set aside and the judgment of the trial court is affirmed.